BALLARD, by guardian *ad litem,* Respondent, vs. BELLEVUE APARTMENT COMPANY, Appellant.

*December 9, 1915—January 11, 1916.*

*Elevators: Injury to child: Contributory negligence: Questions for jury.*

1. A minor suing for a personal injury may be held to have been guilty of contributory negligence as a matter of law.
2. A girl eleven years old, above the average in intelligence, education, and experience, who knew and appreciated that for their own safety children of her age were forbidden to use the automatic elevator in the apartment building in which she lived, and had been frequently admonished by her parents and others not to use it, and who on the occasion in question, though warned not to transgress the posted rule (prohibiting the use of the elevator by children under fourteen years of age unless accompanied by parent or guardian), and fully conscious that she was doing wrong, persisted in using the elevator for the purpose of reaching an upper floor ahead of other persons, is *held,* as a matter of law, to have been guilty of negligence which proximately contributed to an injury sustained when her foot, which projected beyond the edge of the car floor, was caught by the under side of a floor which she was passing.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Reversed.*

Action to recover compensation for a personal injury.

Plaintiff was injured, March 17, 1914. She was then eleven years of age. The accident occurred while she was riding in and operating an automatic elevator which was maintained by defendant in its apartment building for the use of its tenants residing in such building. Plaintiff was a member of a family which so resided. The circumstances were such that a child of plaintiff's age could readily open the door of the elevator shaft opposite the elevator cage, at whatever floor it might be, step upon the elevator platform, and by pressing an electric button, cause the cage to ascend or descend as desired. The negligence complained of was that defendant maintained the elevator shaft with such projections into it that, in case of one riding in the cage with some part of his person extending beyond the side thereof; it was liable to collide with some such projection and a serious personal injury result; that ch. 588, Laws 1913, required such elevators as the one in question to be so constructed and maintained as to be safe, and according to rules for safeguarding prescribed by the state industrial commission; that such commission, by such rules, ordered all projections into elevator shafts, such as floors, sills, and bolts, unless guarded against by the car inclosure, to be provided with a guard under such projections so as to prevent any projecting portion of a passenger's body from being caught and injured thereby; that defendant wholly failed to comply with such order.

The claim of the defendant was that due care was used in the construction and maintenance of the elevator, and that plaintiff was injured by reason of her own negligence, and that of her parents.

The statutes of the state empower the industrial commission to make rules in respect to the construction and maintenance of elevators in public buildings, and make any owner of such a building, who fails to comply therewith, liable to a forfeiture of not less than $10 nor more than $100 for each offense. The industrial commission made an order as claimed by plaintiff. The apartment building in question

had several floors besides a basement and sub-basement floor. The elevator was operated in an elevator shaft extending from such sub-basement floor to those above, and with a door opening at each level. A person at one floor desiring to use the elevator, could, by means of a push-button, conveniently located for that purpose, cause the car to come to his floor, when he could unlatch the door of the shaft, enter the car, close the door, and by pushing a button inside the car corresponding to the floor desired to be reached, cause the car to proceed to such floor. There was no door in the side of the car. There was an opening which could be used when the car was in proper position at a door in the side of the elevator shaft. No such door could be opened without the car being in such position, nor could the car be moved therefrom until the door was closed again. The basement floor and the elevator floor, when the car was in position for entrance thereto from the former, were separated at the door opening by a space about seven eighths of an inch wide. After the car descended below the basement floor, the space increased to four and one-quarter inches wide by reason of there being a recess area under such floor of that depth. There was an angle-iron fitted to the bottom of the basement floor at the top of the recess and to the side of the floor next to the elevator shaft, extending up such side and flush with it sufficiently to make an iron guarded corner to such floor at the lower side of the elevator opening. Such construction permitted one, in riding in the elevator car from the sub-basement to the basement floor, to project a foot beyond the edge of the car floor into the recess under the basement floor, so that when the car floor was about to reach such basement floor, where the four and one-quarter inch wide recess was sharply narrowed to the seven-eighths inch space through such floor, the foot would be caught. That was what happened to the plaintiff.

In addition to the foregoing, there was evidence to this further effect: The elevator was of the ordinary type. It was installed by persons experienced in such business. The dan-

ger caused by the unguarded recess mentioned was such as the order of the industrial commission was intended to remedy. The plaintiff was a very lively child, and well educated for one of her years. She knew how to operate the elevator. By a notice, conspicuously posted on the elevator shaft, children under fourteen years of age were prohibited from using the elevator except when accompanied by a parent or guardian. Plaintiff's father, mother, and brother knew of such prohibitions. The notice in regard to the matter could readily have been read by plaintiff. If she had not read it, she was perfectly familiar therewith. She had been repeatedly notified by her father, mother, and brother to keep out of the elevator or she would be liable to get hurt. She had been likewise notified by others. On the evening of the accident, she was in the sub-basement observing a woman who was hanging out clothes to dry. Several other persons, including her brother, were present. When the woman was through with her work, she started up the stairs, and, as the others, except plaintiff, were about to follow, the latter asked one of them to go up in the elevator with her. He declined, saying to her that it was dangerous and calling her attention, particularly, to the prohibition of such children as herself using the elevator alone. However, she persisted for the purpose of reaching the floor above ahead of the rest. The car was at the sub-basement floor or she caused it to come there. She hurriedly unlatched the door leading into the car, entered therein, and caused the car to ascend. All her movements were made in a hurry to accomplish her purpose of reaching the floor above ahead of her associates or some one of them. After the car started, her right foot slipped, or, in some way, was partly projected beyond the edge of the car floor into the recess area under the basement floor, so that it was caught at the top of such recess and severely injured. She knew very well that she was doing wrong in using the elevator. She had used it alone before, but not to the knowledge of the owners or managers of the building.

The jury found, specially, in plaintiff's favor to this effect: The elevator was naturally calculated to attract children to play therewith and defendant, in the exercise of ordinary care, should have known of that fact. Defendant failed to exercise ordinary care in not guarding, covering, or inclosing the space between the basement floor and the track of the sub-basement elevator door. Neither the plaintiff nor her parents were guilty of any want of ordinary care proximately contributing to the injury. Her failure to heed the warnings given her did not proximately contribute to the injury. She was damaged to the extent of $500.

A motion on behalf of defendant to change the answers given by the jury on the subject of contributory negligence, and to render judgment for it on the verdict, so corrected, was denied. Judgment was rendered for plaintiff.

For the appellant there were briefs by *Richmond, Jackman & Swansen,* and oral argument by *Sam T. Swansen.*

For the respondent there was a brief by *Gilbert & Ela,* and oral argument by *F. L. Gilbert.*

MARSHALL, J. The main question presented for consideration on this appeal is whether plaintiff was guilty of contributory negligence as a matter of law, and as we view the evidence bearing thereon, the solution thereof is decisive of the case, rendering unnecessary consideration of other matters discussed in the briefs of counsel.

Notwithstanding the liberal rule in cases of this sort in favor of children, respecting responsibility for their acts imperiling their personal safety, as indicated in *Secard v. Rhinelander L. Co.* 147 Wis. 614, 133 N. W. 45, and *Kelly v. Southern Wis. R. Co.* 152 Wis. 328, 140 N. W. 60, which we will say, in passing, are quite distinguishable from this case, circumstances may be such as to conclusively show want of ordinary care on the part of a minor, as a matter of law, proximately contributing to its injury, as indicated in *Ewen v. C. & N. W. R. Co.* 38 Wis. 613; *Strong v. Stevens Point,*

62 Wis. 255, 22 N. W. 425; *Reed v. Madison,* 83 Wis. 171, 53 N. W. 547; *Ryan v. La Crosse City R. Co.* 108 Wis. 122, 83 N. W. 770. That has been held as to children much younger than the respondent was when she was injured.

The respondent, according to the evidence, was rather above the average of children of her age, as to intelligence, education, and experience. She knew just as well as an adult could have known that she had no business meddling with the elevator. She knew and appreciated that children of her age had been prohibited by the proprietor of the building from doing so. She knew she was so prohibited in order to safeguard her from being injured. The proprietor had done everything which reason required to prevent such children from using the elevator without being with adult persons. She had been admonished, again and again, by her parents and others, not to do so. Just before the particular occasion, her attention was directed to the posted rule in respect to the matter, and she was warned not to transgress it. Nevertheless, she persisted, fully conscious that she was doing wrong, and accepted whatever danger there was involved in her transgression. If the law, as heretofore administered, is to be maintained, that a minor of the age plaintiff was can be guilty of contributory negligence as a matter of law, it seems that this case involves such an instance. We are not prepared to change the long line of decisions on the subject. Therefore we have reached the conclusion that respondent was guilty of such negligence and that the case should have been disposed of below accordingly.

*By the Court.*—The judgment is reversed, and the cause remanded with directions to change the answers in the special verdict so as to favor appellant on the subject of contributory negligence of the plaintiff and render judgment thereon dismissing the action with costs.

TIMLIN, J., dissents.