Kollentz, Appellant, vs. Chicago & Northwestern Railway Company, Respondent.

*December 3, 1919—January 13, 1920.*

*Negligence: Railroads: Boy jumping on moving car: Contributory negligence.*

While children of tender age are not held to that degree of care ordinarily exercised by adults, a boy thirteen years old, of ordinary intelligence, who jumped on moving cars and was struck by a dwarf signal near the track with which he was familiar, is contributorily negligent as a matter of law.

Appeal from a judgment of the circuit court for Milwaukee county: E. T. Fairchild, Circuit Judge. *Affirmed.*

Kollentz v. Chicago & N. W. R. Co. 170 Wis. 454.

Action to recover damages for personal injuries sustained by plaintiff while attempting to board a moving freight train. The accident occurred in the yards of the defendant company at the Wilcox-street crossing in the city of Milwaukee. The evidence shows that for a number of years prior to the date of the accident persons of all ages freely used the right of way of the company at said point for the purpose of travel on foot; that persons between the ages of nine and twenty years habitually used the right of way of the company at that point for the purpose of play, and had been accustomed to climb upon moving freight. trains for the purpose of riding thereon, all with the knowledge of the train crews, watchman, and flagman stationed at said point; that in the summer time, during the school vacation, this practice was indulged in daily and by a large number of children, frequently as many as a dozen riding upon one freight train and as many as a half a dozen or more riding on a single car; that the defendant company or its employees never at any time protested, objected, or in any wise warned or ordered these children off the property of the company, but that they let them thus freely climb upon and ride upon moving freight trains and cars at will, and that the company had made no rules or regulations directing or requiring its agents or employees to warn or prevent children or others from frequenting its right of way or boarding or riding upon its moving freight trains, and, in fact, did nothing to break up or prevent the practice and custom; that appellant, along with others, had freely and openly indulged in the practice for at least three years before the accident, and that no employee of the defendant company had ever warned him or ordered him to cease the practice.

On the day of the accident one of the defendant's switching trains was going south over the Wilcox-street crossing in charge of a regular switching crew at the rate of about ten miles per hour. When the train was less than a city

block north of the Wilcox-street crossing, appellant, together with four other boys, approached the crossing from the west, crossed over the tracks right past the watchman's shanty, were seen by the watchman, and went a little south along the east side of said tracks to a point near a scale house. They stood in front of the scale house near the tracks in plain view of the watchman and the crew of the approaching switch train and until the engine and several cars had passed, after which they ran toward and along the side of the moving train. Appellant caught hold of a rung on the side of one of the cars, swung upon the stirrup, was almost immediately struck by a dwarf signal properly located at the side of the track, was thrown from his position, under the car, sustaining injuries which required the amputation of both legs.

The plaintiff was thirteen years of age at the time of the accident, and lived with his parents, about one block from the defendant's tracks, at which place he had lived for three months before the accident, and prior to that he had lived right adjoining the St. Paul railway tracks, about eight blocks from the defendant's tracks. He was thoroughly familiar with the scene of the accident, knew the location of the tracks, and the identity of the tracks upon which trains in both directions ran. He knew the location of the dwarf switch signal which caused his fall. He knew it was quite close to the track and he knew he would have to be careful in going past the same in order to avoid being hit thereby. On previous occasions when he had passed such signals he had stood up straight next to the car upon which he was riding in order to avoid contact therewith. He knew it was dangerous to jump on moving cars and had never told his father and mother of his practice of so doing. He was at least of ordinary intelligence for a boy of his age. He was in the seventh grade at the time of the accident and always had good standings and successfully made his grade each year.

The case was tried before a jury. At the close of the testimony, upon motion of the defendant, the court directed a verdict in its favor on the ground that no negligence was shown on the part of the railroad company. From the judgment entered on such directed verdict this appeal was taken.

For the appellant there were briefs by *William L. Tibbs,*, attorney, and *Daniel W. Sullivan,* of counsel, both of Milwaukee, and oral argument by *Mr. Tibbs.*

*R. N. Van Doren* of Milwaukee, for the respondent.

OWEN, J.    The trial court directed a verdict in favor of the defendant solely upon the ground that the evidence did not disclose any violation of a duty which the defendant owed to the plaintiff and that actionable negligence on the part of the defendant had not been shown. Appellant contends that the railroad company failed in the performance of its duty in its long acquiescence in the custom obtaining on the part of both boys and men of frequenting 'the right of way and jumping on moving freight trains and cars at the Wilcox-street crossing without any protest against such custom on the part of the company and without any effort on its part to stop or break up such custom and practice. We shall not consider the question of the negligence of the company, for the reason that, whether or not the company was guilty of negligence, plaintiff must be held guilty of contributory negligence as a matter of law.

We are thoroughly familiar with the principle that children of tender age are not held to that degree of care ordinarily exercised by adults, and that, frequently, conduct which would convict an adult of negligence as a matter of law raises but a jury question as to a child of tender years. However, this court has held children much younger than plaintiff in this case guilty of contributory negligence upon conduct much less rash than his. It may be that this court has been too rigorous in the standard of care required

of childhood and youth.    But if any respect is to be accorded such precedents as *Ryan v. La Crosse City R. Co.* 108 Wis. 122, 83 N. W. 770; *Wills v. Ashland L., P. & St. R. Co.* 108 Wis. 255, 84 N. W. 998, and *Ballard v. Bellevue A. Co.* 162 Wis. 105, 155 N. W. 914, the plaintiff in this case must be held guilty of contributory negligence as a matter of law.

In the *Ryan Case* a boy a little less than nine years of age, while walking in the street, was struck by a street car, unobserved by him, due entirely to his inattention.    He was held guilty of contributory negligence as a matter of law. In the *Wills Case* a country boy who lacked two months of being fourteen years of age, who was but infrequently in the city, who was walking in a peculiarly confused place in the road, just emerging from the shadows of a double and complicated railroad bridge onto the street, where there was no sidewalk, and where the ordinary paved way was much used by foot passengers; and while his attention was unquestionably attracted by the novel and interesting sight of an ore train making its way over the trestle out to the ore docks, unconsciously gravitated so near to the street-car track that he was struck by a passing car, was held guilty of contributory negligence as a matter of law.    In the *Ballard Case* the plaintiff, a girl eleven years of age, was injured while riding in and operating an automatic elevator in an apartment building.    Because she knew and appreciated that children of her age had been prohibited by the proprietor of the building from operating the elevator, and knew that it was dangerous for her to do so, she was held guilty of contributory negligence as a matter of law. .

In the *Ryan* and *Wills Cases* the negligence of the children consisted simply in a lack of attention to where they were going, and was of a negative and inactive character. The conduct which held them guilty of contributory negligence did not savor of deliberate rashness, as is the case here.    The practice of jumping on moving trains is uni-

versally recognized as a hazardous and rash proceeding. Its danger to life and limb is open and notorious and was thoroughly understood by the plaintiff. He not only had arrived at the age of understanding, but had a familiarity with railroad trains and understood as well as an adult the dangers he assumed to his personal safety in attempting to jump upon and ride upon a moving freight car. To hold that he was not guilty of contributory negligence as a matter of law would be not only to entirely disregard and overrule the cases above cited, but to go much further, because the plaintiff here, in view of his age and his thorough understanding of the danger to which he subjected himself by his deliberate act, could well be held guilty of contributory negligence even though the cases above cited had been decided otherwise.

It is said by appellant's attorneys that the trial court acquitted the plaintiff of contributory negligence. We do not think so. The trial judge, in his remarks to the jury, seemed to exclude from consideration, for the purposes of the case, all questions except that of the negligence of the defendant, and directed a verdict because he could find no violation of any duty which the railroad company owed to the plaintiff. But even though he had acquitted the plaintiff of contributory negligence it could not affect our conclusion in the premises. The judgment must be affirmed.

*By the Court.*—Judgment affirmed.