KASHUDA, by guardian *ad litem*, Appellant, vs. ADAMS
EXPRESS COMPANY, Respondent.

*January 17—February 10, 1920.*

*Negligence: Driver requesting boy to climb on wagon: Failure to
hitch horse properly: Contributory negligence of boy: Con-
tributory negligence of parents.*

1. Where the plaintiff, nearly eight years old, climbed up on one
of defendant's wagons and was injured when the horse be-
came frightened and ran away, and there was evidence that
the driver asked plaintiff to put an empty feed bag in the
wagon and that the driver left the horse unhitched and went
away, the court properly refused to set aside findings of the
jury that defendant was negligent and that such negligence
was the proximate cause of the injury.
2. Where the danger is remote and not so obvious as to be easily
appreciated, it is usually a question for the jury whether a
child appreciated the danger to such an extent as to be re-
sponsible for its conduct.
3. The act of the boy in climbing on the wagon at the driver's
request is *held* not contributory negligence as a matter of law.
4. It was not negligence as a matter of law for a mother and
father, while both are at work, to leave the plaintiff, who was
nearly eight years old, in the care of his fourteen-year-old
sister in their home on an ordinary residence street. [Whether
the negligence of the parents would be a bar to the plaintiff's
action, not decided.]

APPEAL from a judgment of the circuit court for Mil-
waukee county: CHESTER A. FOWLER, Judge. *Reversed.*

Action for personal injury. The driver of defendant's
express wagon lived next door to plaintiff's parents. He
was in the habit of driving his horse to the curb in front
of his house at noon and feeding it oats in a box. On the
day of the accident, August 14, 1917, he drove his horse to
the curb and fed it oats. Plaintiff, a boy seven years and
ten months old, got on the wagon, and while on the seat the
horse became frightened, ran away, and the boy was in-
jured.

The jury returned a special verdict finding (1) that the

defendant's driver did not use ordinary care in respect to hitching the horse at the time of the injury; (2) that he failed to use ordinary care in respect to keeping the boy away from the wagon; (3) that such failure found in questions 1 and 2 was the proximate cause of plaintiff's injury; (4) that the parents of the plaintiff used ordinary care to keep plaintiff away from defendant's wagon; (5) that plaintiff used ordinary care in climbing upon the wagon at the time of the injury; and (6) damages in the sum of $3,000.

Upon defendant's motion the court changed findings 4 and 5, to the effect that plaintiff and his parents were guilty of contributory negligence, and awarded judgment for defendant upon the verdict so amended, from which judgment the plaintiff appealed.

*Arthur Breslauer* of Milwaukee, for the appellant.

For the respondent there was a brief signed by *Quarles, Spence & Quarles,* attorneys, and oral argument by *Arthur B. Doe,* of counsel, all of Milwaukee.

VINJE, J. There was credible evidence from which the jury could find that the driver asked plaintiff to get the feed box from the yard; that he gave plaintiff the empty feed bag after he had put the oats in the box; that he told him to put the bag in the wagon; that the driver went into the yard before hitching the horse, and that plaintiff in obedience to the request to put the bag in the wagon climbed up on the seat and reached back to put the bag under or behind the seat, that being the place it was usually kept when empty; and that while he was so engaged the horse ran away and his leg was injured by the ankle being crushed between the wagon and a telephone pole.

The trial court refused to disturb the first three findings covering defendant's negligence and its proximate cause of the injury. It is urged by the defendant that the court erred in so doing because, in the absence of an invitation on

the part of the driver to put the bag in the wagon, no action-able negligence on its part is shown; if an invitation was given, the defendant cannot be charged with knowledge or the consequences thereof, citing *Miller v. Mead-Morrison Co.* 166 Wis. 536, 166 N. W. 315, and *Webster v. Corcoran Bros. Co.* 156 Wis. 576, 146 N. W. 815. In the former case the defect was a latent one, and it was held not charge-able to the defendant because the case was classed as one where a manufacturer puts out an article having a latent defect for which he is not responsible in the absence of knowledge thereof. This is no such case. In the latter case counsel mistakes the gist of the decision. There, as here, plaintiff had been directed by defendant's employee to do an act in the prosecution of his work, viz. straighten out a kink in a rope,—and it was held that defendant was liable because there was not only a breach of duty to keep plaintiff away, but "on the contrary there was an invitation to do the very thing which duty required ordinary care to prevent." Page 580. The court therefore properly re-fused to set aside the findings that defendant was negligent and that such negligence was the proximate cause of plaint-iff's injury.

Can it be said as a matter of law that plaintiff was guilty of contributory negligence?

When the danger is obvious and easily appreciated by children of even tender years, this court has held them re-sponsible for their conduct to practically the same degree that adults are, as in *Ryan v. La Crosse City R. Co.* 108 Wis. 122, 83 N. W. 770, where a boy eight years and nine months old attempted to cross in front of a moving street car; or as in *Ballard v. Bellevue A. Co.* 162 Wis. 105, 155 N. W. 914, where a girl eleven years old, contrary to orders, used an automatic elevator in an apartment building. But where the danger is more remote, latent, and not so obvious, it is usually a question for the jury to say whether the child appreciated the danger to such an extent that it could be held

responsible for its conduct. To the average boy, climbing upon a wagon to which a horse is hitched while it is feeding probably does not spell much in the way of danger, especially when the driver is near and has suggested if not directed the boy's act. The jury has said that such an act on the part of a boy seven years and ten months old is under such circumstances not negligence. We cannot say that such conclusion is wrong. *Ewen v. C. & N. W. R. Co.* 38 Wis. 613; *Secard v. Rhinelander L. Co.* 147 Wis. 614, 133 N. W. 45; *Kelly v. Southern Wis. R. Co.* 152 Wis. 328, 140 N. W. 60; *Webster v. Corcoran Bros. Co.* 156 Wis. 576, 146 N. W. 815. The probability of the horse becoming frightened and running away no doubt seems remote to a boy eager to sit on the driver's seat. To say that he does not appreciate such a danger to the same extent as an adult is reasonable. It is true that in this case the driver denied that he requested the plaintiff to bring the feed box or to put the empty bag in the wagon. On the contrary, he says he told him to keep away from the horse and the wagon. But the jury had a right to believe plaintiff's account of what took place. The court should not have disturbed the verdict as to plaintiff's freedom from contributory negligence.

Assuming, but not deciding, that the parents' negligence would bar recovery, the question arises, Were the parents negligent? They knew the boy was in the habit of playing around the horse and wagon and both had often scolded him for so doing, had forbidden him to do so, but had never punished him for disobedience of such orders. The father had remonstrated with the driver for letting his boy and other children play on and about the wagon. On the day in question the father was away at his customary work, and the mother was also away at work because of the necessity therefor. Plaintiff and his younger brother were left at home in the care of a fourteen-year-old sister. The stress of present economic conditions no doubt often puts the

earning capacity of the mother as well as that of the father to the test in order to support a family. Plaintiff's parents lived in a house surrounded by a yard in an ordinary residence street. To leave the boys there with a fourteen-year-old sister while the parents earned a livelihood does not constitute negligence as a matter of law as to the care of the children, even in view of the known propensity of plaintiff to play on or around the wagon. Parents cannot give their whole time to the supervision of their children, especially those under the necessity of earning a living. *Monrean v. Eastern Wis. R. & L. Co.* 152 Wis. 618, 140 N. W. 309. The jury could well say that the conduct of the parents measured up to that standard of ordinary care usually exercised by ordinarily careful and prudent parents under like or similar circumstances. Since the verdict as to the parents' lack of negligence finds support in the evidence, the court should not have set it aside, but should have entered judgment for plaintiff on the special verdict as returned by the jury.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment for plaintiff upon the verdict returned by the jury.