GOLDBERG, by guardian *ad litem,* Respondent, vs. BERKOWITZ, Appellant.

GOLDBERG, Respondent, vs. SAME, Appellant.

*January 13—April 5, 1921.*

*Negligence: Contributory negligence of child: Coasting on city streets: Collision with automobile.*

1. The question whether or not a boy nine and a half years old exercised due care under all the facts and circumstances must be determined in the light of the care which is ordinarily exercised by children of the same age, capacity, discretion, knowledge, and experience under the same or similar circumstances.

2. In determining such question due consideration must be given to the power and influence of childish instincts; for while a child may have the knowledge of an adult respecting dangerous acts he may not have the prudence, discretion, or thoughtfulness to avoid the hazards and risks to which they expose him.

3. A boy nine and a half years of age, possessing the capacity and discretion of boys of his age generally, was guilty of contributory negligence as a matter of law in colliding with defendant's automobile at a street intersection, where the evidence disclosed he was coasting down a hill face downward on his sled, without observing whether or not his course was clear, he having testified that he could guide his sled to either side of his course.

APPEALS from judgments of the circuit court for Milwaukee county: JOHN J. GREGORY and WALTER SCHINZ, Circuit Judges. *Reversed.*

These two appeals arise out of the same cause of action.

The first case is an appeal from a judgment of the circuit court for Milwaukee county, JOHN J. GREGORY, judge presiding, affirming the judgment of the civil court of Milwaukee county.

The action was brought to recover damages for an injury to plaintiff resulting from a collision between a coaster sled upon which the plaintiff was riding and an automobile of defendant operated by his employee.

Plaintiff alleges that the accident occurred at a point where Ninth street intersects Sherman street in the city of Milwaukee; that the place in question is in the vicinity of school grounds and what is known as Lapham Park, which is a park provided by the city as a playground for children; that during the winter months it was usual and customary for the children of the neighborhood to coast down the hill of this park and onto Ninth street; that defendant and his servants knew that it was the custom of the children of the neighborhood to play in the manner above described; that defendant's employee ran into and struck plaintiff, causing the injuries alleged; that at the time of the collision defendant's employee was driving at an excessive rate of speed without maintaining a proper lookout and without giving any warning of his approach by the sounding of a horn or otherwise. Damages are demanded in the sum of $2,000.

The answer of defendant denies the allegations of plaintiff's complaint.

By a special verdict the jury found (1) that the driver of defendant's automobile was guilty of a want of ordinary care in the operation of his truck at the time of and immediately before the accident; (2) that such want of ordinary care was the proximate cause of the plaintiff's injuries; (3) that the plaintiff was not guilty of any want of ordinary

care which proximately caused his injuries. Damages were fixed in the sum of $2,000. Judgment was ordered on the verdict. Upon appeal to the circuit court the judgment was affirmed, from which judgment an appeal is taken to this court.

The second action is brought by the father, and is substantially the same as the first with the exception that one additional witness, David Markus, testifies that the defendant's employee was driving at the rate of sixteen or seventeen miles an hour and that there was no reduction of the speed of the car until the boy was hit. Trial of the case was had before the court and a jury in the civil court of Milwaukee county. By a special verdict the jury found that the driver of defendant's car was guilty of a want of ordinary care; that this was the cause of plaintiff's injury; that plaintiff was not guilty of contributory negligence. Damages were fixed in the sum of $1,500. Judgment was rendered on the verdict. This judgment was confirmed by the circuit court for Milwaukee county, WALTER SCHINZ, judge presiding.

Appeal is taken to this court.

*Dale C. Shockley,* attorney, and *L. A. Schweichler,* of counsel, both of Milwaukee, for the appellant.

For the respondents the cause was submitted on the briefs of *Michael Levin* of Milwaukee.

The following opinion was filed February 8, 1921:

SIEBECKER, C. J. The appellant insists that the civil and circuit courts erred in holding that the issue of *Louis Goldberg's* contributory negligence is properly for determination by the jury, and urges in this court that the evidence shows as matter of law that he was guilty of contributory negligence.

At the time of the accident this boy was nine and one-half years of age. Whether or not the boy exercised due care under all the facts and circumstances disclosed by the evidence

must be determined in the light of the care which is ordinarily exercised by children of the same age, capacity, discretion, knowledge, and experience under the same or similar circumstances. *Ryan v. La Crosse City R. Co.* 108 Wis. 122, 83 N. W. 770; *Wills v. Ashland L., P. & S. R. Co.* 108 Wis. 255, 84 N. W. 998; *Ballard v. Bellevue A. Co.* 162 Wis. 105, 155 N. W. 914; *Kollentz v. C. & N. W. R. Co.* 170 Wis. 454, 175 N. W. 929.

The precedents are in general to the effect that in determining whether or not a child exercised the care that one of its age, capacity, knowledge, and experience exercises under similar circumstances, due consideration must be given to the power and influence of childish instincts; for while a child may have the knowledge of an adult respecting dangerous acts, he may not have the prudence, discretion, or thoughtfulness to avoid the hazards and risks to which they expose him. If the facts disclosed by the evidence clearly establish what care was exercised by the child and that he possessed the capacity, knowledge, discretion, and experience of the generality of children of his age, it then became a proper question for the court to inquire as a matter of law whether or not he was guilty of contributory negligence on the occasion in question. The evidence clearly shows that the plaintiff *Louis Goldberg* was an intelligent boy who possessed the capacity and discretion of boys of his age generally and that he had the knowledge and experience in the affairs of life that boys of his age commonly possess. The evidence shows affirmatively that he had attended the public schools from about his fourth year and that he was familiar with the dangers and hazards in streets and of colliding with automobiles while coasting on the streets. On this subject he testified that he knew it was dangerous because automobiles drive past; that his folks told him many times to be careful in going across streets. On the point of what he did before and while coasting he says that when he started to

coast he borrowed a sled from a companion and started up the hill; that two of his playmates, standing at the foot of the hill near the street, had told him no automobile was in sight; that he proceeded to his starting place near the top of the hill; that in his position on the sled he lay on his stomach, face downward, with his hands placed so that he could guide the sled; that as he proceeded he did not look up to observe whether or not his course was clear but held his head down between the front of the sled runners; that he did not see or hear defendant's automobile until they met in the street near the curb opposite the side where he entered onto the street. It appears that the course was icy and that plaintiff was going "pretty fast." The collision between the sled and automobile occurred near the curb of the street opposite the side where plaintiff entered the street from the hill down which he coasted, thus showing plaintiff had nearly crossed the traveled part of the street before the collision occurred. It also appears that the automobile stopped within a few feet from the point of collision and that the driver had turned the car to the right onto the street bank. The evidence and surrounding facts and circumstances show that the highest speed of the automobile was not to exceed sixteen miles per hour. It thus appears that plaintiff voluntarily adopted a very dangerous method of crossing this public street, that he exercised no precaution after starting on his course down the hill to ascertain whether the street was clear of vehicles of any kind, and that he ran quite recklessly onto the street without even looking up to see whether any vehicle was approaching. He states that he could have guided his sled to either side of his course and could have "shifted" it to avoid obstacles, and that he did not do so. We are forced to the conclusion that plaintiff's conduct shows that he was actively negligent, in view of his age, capacity, discretion, knowledge, and experience, giving due consideration to the power and influence of boyish instinct while engaged in this sport and to

the dangers and hazards to which he was exposed, and that such negligence proximately contributed to produce the injuries complained of. The necessary result is that the court erred in refusing to award judgment in both of these cases dismissing the plaintiffs' complaints.

*By the Court.*—The judgments appealed from are reversed, and the causes remanded to the circuit court with direction to award judgment in each case dismissing plaintiff's complaint.

A motion for a rehearing was denied, with $25 costs, on April 5, 1921.