Molaske vs. The Ohio Coal Co.

---

MOLASKE, Respondent, vs. THE OHIO COAL COMPANY, Appellant.

*September 30 — October 17, 1893.*

*Master and servant: Injury through negligence of boy fellow-servant: Presumption as to his competency: Usage.*

1. The presumption is that a boy under the age of fourteen years is not competent to perform duties involving the personal safety of others and requiring the exercise of a good degree of judgment and discretion and constant care and watchfulness; and in an action for injuries resulting from the negligence of a boy so employed, the burden is upon his employer to show that he was in fact competent.

2. No usage to employ boys of tender years to perform such duties can be upheld.

APPEAL from the Circuit Court for *Ashland* County. This action is to recover damages for personal injuries received by plaintiff when in the employ of defendant com-

pany, alleged to have been the result of the negligence of the company, in that (1) it failed to provide suitable machinery and appliances for doing the work in which plaintiff was employed; and (2) it employed an incompetent person to work with plaintiff, through whose negligence the injury was inflicted. There is no testimony tending to show any defect in such machinery or appliances, and hence that alleged cause of action disappears from the case.

The defendant coal company. employed plaintiff to work at Ashland, unloading coal from the hold of a vessel, and he commenced work on the morning of July 6, 1892. His duty was to shovel coal into buckets, which, when filled, were hoisted by steam power to the adjacent dock. These were raised, and empty buckets lowered into the hold by the same power, by means of a wire rope attached to a derrick, passing through a movable pulley, having a hook at the lower end of the rope. It was also plaintiff's duty to detach the hook from the bales of empty buckets, and hook the same upon the bales of buckets which had been filled and were ready to be hoisted. The engine which did the work was on the dock, and the engineer could not see the men at work in the hold of the vessel; hence the necessary course of the business was to station a person on the hatchway of the vessel, whose duty it was to signal the engineer when the buckets were ready to be hoisted. Five other men were at work with plaintiff, and it is estimated the buckets were raised from the vessel at the rate of one per minute. A boy from twelve to fifteen years of age was employed by the coal company to give such signals, and had been so employed about a week before plaintiff commenced work there. At about five o'clock in the afternoon of July 6th, plaintiff seized the rope by which an empty bucket had been lowered with his left hand, just below the movable pulley, and the hook with his right hand,

loosened the hook from the empty bucket, and just as he hooked it to a full bucket, the boy, without being directed by the plaintiff to do so, gave the signal to the engineer to hoist, and he did so while plaintiff still had hold of the rope. His left hand was drawn into the pulley, and two of his fingers were torn off. This is the injury complained of.

The court submitted it to the jury, as questions of fact, whether the boy employed by the company to signal the engineer was of the age of twelve or thirteen years, and whether he lacked the necessary prudence and discretion, to the knowledge of the company, to discharge that duty so as to render the position of the persons at work in the hold of the vessel reasonably safe; and instructed them that if the boy was incompetent properly to perform that duty it was negligence on the part of the company to employ him. The court further charged that if the plaintiff did not know the unfitness of the boy, and was not guilty of any negligence which contributed directly to the injury complained of, and if plaintiff was injured because the boy was thus incompetent, he was entitled to recover.

The jury found for the plaintiff, and assessed his damages at $400. A motion for a new trial was denied, and judgment for plaintiff entered pursuant to the verdict. The defendant company appeals from the judgment.

For the appellant the cause was submitted on the brief of *O'Keefe & Foster* and *McCafferty & Noyes.* To the point that the presumption was that the boy was competent to perform the duties required of him, they cited *Collins v. S. B. H. R. Co.* 26 Am. & Eng. R. Cas. 371; *Rockford, R. I. & St. L. R. Co. v. Delaney,* 82 Ill. 198; *Chicago & A. R. Co. v. Becker,* 76 id. 32; *Nagle v. A. V. R. Co.* 32 Am. Rep. 413; *Neal v. Gillett,* 23 Conn. 437–442; *Erwin v. St. L., I. M. & S. R. Co.* 35 Am. & Eng. R. Cas. 395, note.

*John F. Dufur,* for the respondent, to the point that the

competency of the boy was a question for the jury, cited
Buswell, Pers. Inj. 339, sec. 203; *Neilon v. M. & M. P. Co.*
75 Wis. 579; 2 Thomp. Trials, 1662–3; 7 Am. & Eng.
Ency. of Law, 856; Shearm. & Redf. Neg. sec. 191.

LYON, C. J.    Although upon some of the questions sub-
mitted to the jury there is a conflict of testimony, and in
some particulars the testimony may be somewhat confused
and obscure, yet, after careful consideration, we are of the
opinion that it is sufficient to support findings that the
exigencies of the business, and the reasonable safety of
plaintiff and the other persons employed in the hold of the
vessel, required that a person of prudence, caution, and
constant watchfulness and attention to his duty should be
employed to signal the engineer when to hoist the full
buckets; that no such signals should have been given until
such person knew that the men in the hold were clear of
the buckets and the same were ready to be hoisted; that
the boy employed by the company to signal the engineer
was about twelve or thirteen years of age; that he gave
the signal which resulted in injuring plaintiff prematurely
and negligently; that plaintiff did not know who was em-
ployed to give the signals, or that the person so employed
was incompetent to perform that duty; and that the plaint-
iff, when injured, was in the exercise of reasonable care.
By returning a general verdict for plaintiff the jury neces-
sarily found, under the charge of the court, all the above
propositions of fact which the testimony thus tended to
prove.    These propositions are, therefore, verities in the
case.    In like manner, under the charge of the court, the
jury necessarily found that, to the knowledge of the coal
company, the boy was incompetent to perform the duty of
giving such signals with reasonable safety to the plaintiff
and his co-employees in the hold of the vessel.    If such find-
ing is also supported by the testimony, there can be no

doubt that the plaintiff is entitled to recover in the action. Whether it is so supported is, therefore, the only question to be determined on this appeal.

The only testimony bearing upon the question of the competency of the boy is, on the part of plaintiff, that the boy was only about twelve years old, and that he prematurely and negligently gave the signal to hoist which resulted in injuring the plaintiff; and on the part of defendant, that he performed that duty satisfactorily for about a week before the injury. True, there are other statements in the testimony on behalf of defendant, as that such boys are usually employed to give the signals, and that the custom is to give them in the first instance to the engineers, when the person charged with the duty of giving them sees for himself that the full buckets have been attached to the hoisting apparatus, and then for him to warn the workmen in the hold of the vessel to get out of the way. It is claimed that such testimony also tends to establish the competency of the boy; but we think otherwise. No usage to employ boys of tender years to perform duties involving the personal safety of others, which require judgment, discretion, and care greater than is usually possessed by boys of such age, can be upheld for a moment. As to the other branch of the testimony just mentioned, if it is a valid custom for the person employed to signal the engineer to give the same as his inspection and judgment dictate, without signals from the hold of the vessel, a still greater responsibility rests upon the company in the choice of an employee to give the signals, and greater care is required in making such choice than would be required were the signals given after information received from the men in the vessel that the buckets were ready to be hoisted. So this testimony is rather against than in favor of the company.

As above stated, the facts that the boy was but twelve or thirteen years old, and that the plaintiff received the

injuries complained of because of his negligence in prema-
turely giving the engineer the signal to hoist the bucket,
are verities, made so by the verdict. The controlling ques-
tion is, Are those facts sufficient to send to the jury the
question whether the company is liable to respond in dam-
ages for plaintiff's injuries, on the ground that it know-
ingly employed an incompetent person to give the signal
to the engineer, there being no proof that the boy failed to
perform his duties properly in any other instance? It seems
clear to our minds that the above question should be an-
swered in the affirmative. The duty of giving the hoisting
signal to the engineer required the exercise of a good de-
gree of judgment and discretion, and constant care and
watchfulness. It is common knowledge that, while a boy
of twelve or thirteen years of age may possess and be
capable of exercising these qualities, yet a large percentage
of such boys do not possess them or are not capable of
exercising them continuously. It would prove a great
strain upon an adult to require his undivided attention
every minute of working time during each day to giving
these signals, especially if properly conscious that a single
mistake might result in maiming or killing some one in the
vessel. It is certain that very many boys of twelve and
thirteen years of age — probably a large majority of them —
would be incapable of enduring that strain, and would prove
entirely unable to maintain the ceaseless concentration of
thought and purpose required, or to exercise in each emer-
gency of the business the judgment and discretion essential
to the safety of those men. That the boy employed by
the coal company to give those signals possessed those
qualifications is not conclusively proved by the fact that
he performed the duty properly for a week, although it is
to his credit that he did so. We are not informed of the
amount of work done during that week, or how pressing
or constant his duties were.

The presumption of the common law is that a child under fourteen years of age is incapable of committing a crime; but, as applied to a child over seven years of age, this presumption may be rebutted by evidence.    1 Bish. Crim. Law (6th ed.), § 368.    The rule recognizes the immaturity of children of such tender years, their lack of judgment and will and concentration of purpose, the existence of which conditions all experience has proved, and fixes the age when the presumption of capacity arises at fourteen years.    In analogy to that rule, and having due regard to what we deem most persuasive considerations of public policy, we hold that on the proofs in this case the presumption of law is that the boy employed by the coal company to give the signals was incompetent for that duty, and that the company employed him at its peril of being able to prove, if sued for injuries resulting from his negligence, that he was in fact competent.    We hold further that the defendant has not proved conclusively the competency of the boy, and hence that the verdict finding him incompetent cannot be disturbed.

*By the Court.*— The judgment of the circuit court is affirmed.