MUELLER, by guardian *ad litem*, Appellant, vs. O'LEARY, Administrator, Respondent.

*October 8, 1934—January 8, 1935.*

586

For the appellant there was a brief by *Seher & Seher* of Milwaukee, and oral argument by *Walter G. Seher*.

For the respondent there was a brief by *Bender, Trump & McIntyre* of Milwaukee, and oral argument by *E. L. McIntyre*.

The following opinion was filed November 6, 1934:

ROSENBERRY, C. J.   If the judgment rendered in this case can be supported, it must be upon two grounds: First, that as a matter of law, the defendant was guilty of no negligence; second, that if the plaintiff was guilty of negligence, the defendant was guilty of contributory negligence as a matter of law.

The facts in this case arose before the enactment of the so-called comparative negligence law so that that law has no application.   The defendant seeks to sustain the judgment here upon the ground that plaintiff is guilty of contributory negligence as a matter of law.   This position is taken advisedly for there is evidence in the record from which a jury might find that the deceased was guilty of a want of ordinary care with respect to speed, lookout, and perhaps in other particulars.   We shall not further consider that aspect of the case.

In determining whether or not the trial court was in error in directing the verdict, this court must take that view of the evidence which is most favorable to the party against whom the verdict is directed.   The situation can be best understood, in fact it is difficult to understand it without reference to a diagram, Exhibit 1, which is reproduced herewith:

On the day of the accident it was bright and clear and the streets were dry.   After looking in the drug store window on

the Herman street side, the plaintiff walked to the curb at the point marked "R. 1." He had already looked to the north and saw that the car in question was coming southerly, but did not look again before he was struck. It is agreed that the car was one hundred and seventy feet north of the plaintiff's point of crossing when he saw it. While the plaintiff testified that he walked and did not run, there is testimony from which a jury might find that he was running. The contention that the plaintiff was guilty of contributory negligence as a matter of law is based upon his failure to make a second observation and his neglect to observe the speed of the oncoming automobile. On his cross-examination the plaintiff said that he did not notice how fast the auto was coming and could not form an idea of its speed. We have had occasion to consider in prior cases the matter of contributory negligence of children of tender years. *Goldberg v. Berkowitz,* 173 Wis. 603, 181 N. W. 216; *Pisarek v. Singer Talking Machine Co.* 185 Wis. 92, 200 N. W. 675; *Ruka v. Zierer,* 195 Wis. 285, 218 N. W. 358.

In a case involving contributory negligence of a child, the question is whether or not the child under the circumstances exercised that degree of care that is ordinarily exercised by a child of the same age, capacity, discretion, knowledge, and experience, under the same or similar circumstances. If the deceased was driving his automobile at an excessive speed, or failed to maintain a proper lookout, or to have his car under such control as required by the circumstances then present, the conduct of the plaintiff must be judged with reference to the facts which existed at the time in question. The evidence is in conflict as to speed, as to whether the boy walked or ran, as to the precise point where the accident happened, and in other respects. It cannot be said that children for their own protection are required to observe any declared degree of care. The vision of the driver was unobstructed, the crossing

was open, and it would have been possible for the deceased to observe the movements of the boy from the time he left the window until the time he was struck. Whether or not the plaintiff was guilty of contributory negligence is, as already indicated, a question of fact, and it is considered that the case should have been submitted to the jury. His failure to make a second observation cannot be said as it might be said in the case of an adult, a failure to do what an ordinarily prudent person would do under the same or similar circumstances. While the plaintiff was unable to state the rate of speed of the car, he must have in his childish and immature way concluded from his observation that he could cross the street in safety. It cannot be assumed even in the case of a child that he intended to subject himself to serious injury nor that he expected the traffic would give way for him. Within the rule of the cases already cited, it is considered that the court was in error in directing a verdict for the defendant. Statutory regulations of the use of automobiles upon public streets are designed in large part at least to insure the safety of other travelers upon the streets, who in turn must exercise ordinary care for their own safety. When one in violation of law pursues a course of conduct upon a public street which results in injury to a child, he cannot escape liability though the child failed to exercise that degree of care required of an adult.

*By the Court.*—Judgment appealed from is reversed, and cause remanded for a new trial.

A motion for a rehearing was denied, with $25 costs, on January 8, 1935.