Holzworth, by Guardian *ad litem,* and another, Respondents, vs. The State, Appellant: Regents of the University of Wisconsin, Defendant.

*April 17—May 20, 1941.*

64

For the appellant and for the defendant Regents of the University of Wisconsin there were briefs by the *Attorney General,* and *Warren H. Resh* and *William A. Platz,* assistant attorneys general, and oral argument by *Mr. Resh* and *Mr. Platz.*

For the respondents there was a brief by *Rooney & Hillyer* of Madison, and oral argument by *F. F. Hillyer.*

ROSENBERRY, C. J.   From the pleadings it appears that the defendants own, operate, and maintain the public building known as Camp Randall stadium, which seats approximately forty thousand people, and is operated by the defendants for pecuniary profit; that the defendants are under a duty to comply with ch. 101, Wis. Stats., to construct, maintain, and repair the said structure so as to render it safe; that on the 29th day of October, 1938, LeRoy Holzworth was a spec-

tator at a football game; that while standing on the top of his seat the pressure of a crowd of people caused him to be pushed over the edge of an exit and to fall a distance of twelve feet sustaining serious and painful injuries; that said injuries were caused by the failure of the defendant to "so construct, repair and maintain the said stadium so that the same would be safe;" that by reason of the fall the said LeRoy Holzworth sustained serious injuries to his damage in the sum of $25,000; that on the 18th day of August, 1939, a claim was submitted to the legislature, which claim was disallowed on the 12th day of September, 1939. It is conceded that no action can be maintained against the state unless the state has consented to be sued. The constitution of the state of Wisconsin provides:

Sec. 27, art. IV: "The legislature shall direct by law in what manner and in what courts suits may be brought against the state."

Pursuant to this constitutional provision the legislature enacted what is now sec. 285.01, Stats., the material part of which is as follows:

"Upon the refusal of the legislature to allow a claim against the state the claimant may commence an action against the state by serving the summons and complaint," etc.

This court has held in three cases that the word "claim" as used in sec. 285.01, Stats., applies only to claims which if valid render the state a debtor and not to equitable claims or claims for tort. *Chicago, M. & St. P. R. Co. v. State* (1881), 53 Wis. 509, 10 N. W. 560; *Houston v. State* (1898), 98 Wis. 481, 74 N. W. 111; *Petition of Wausau Inv. Co.* (1916) 163 Wis. 283, 158 N. W. 81.

With respect to the meaning of the word "claim," see also *Payne v. Meisser* (1922), 176 Wis. 432, 187 N. W. 194, and *Will of Heinemann* (1930), 201 Wis. 484, 230 N. W. 698.

The trial court analyzed and severely criticized these and other decisions and declined to follow them for the following reasons:

"(1) The state is subject to the safe-place statute, like any other owner of a building, because the statute expressly says so.

"(2) The state can be sued to enforce liability under the safe-place statute, like any other owner, even though this does involve a tort claim; for a tort claim is still a 'claim' which may be presented to the legislature under 285.01 and, if disallowed, action maintained against the state thereon.

"Not to hold as we do would be to adopt the unique attitude that the state, though it is liable under the safe-place statute just like any other owner, cannot be sued upon this liability. In other words, the law gives the right but not the remedy. We cannot indorse that conclusion."

The substance of sec. 285.01, Stats., was introduced into our law by ch. 249, Laws of 1850. From the adoption of that statute to the present time so far as our investigation goes no action has been maintained against the state of Wisconsin on account of liability growing out of tort committed by any officer or officers of the state. Not only that, none of the governmental agencies have been subject to liability for tort committed by its officers except in cases where it is specially so provided, the most notable instances being liability for injuries sustained by reason of defective highways, sidewalks, and damage done by mobs. The principal ground upon which this liability is denied is that a sovereign is not liable under the doctrine of *respondeat superior* for the negligent acts of its officers. *Apfelbacher v. State* (1915), 160 Wis. 565, 152 N. W. 144. A sovereign state of which Wisconsin is one not being liable for the tortious acts of its officers, no suit could be maintained against it in any event on account of such acts.

While it is recognized that subordinate governmental agencies, such as towns, villages, cities, and counties may act in a governmental capacity and also in a proprietary capacity,

we are not aware that such a doctrine has been applied to the state itself. In fact the contrary seems to be the law. *Rauschan v. Gilbert* (1927), 80 Cal. App. 754, 253 Pac. 173; *Riddoch v. State* (1912), 68 Wash. 329, 123 Pac. 450, 42 L. R. A. (N. S.) 251.

In *Houston v. State, supra,* it was held that the legislature never having authorized an action against the state for unlawful and tortious acts of its officers or agents, no such action can be maintained against the state.

In *Apfelbacher v. State, supra,* the question whether the state would be liable if acting in a proprietary capacity was reserved. It is the general rule that a statute authorizing suits against the state does not permit a recovery for torts of its agents or servants. *Houston v. State, supra.* See note 13 A. L. R. 1276. It having been the law of this state for more than fifty years that sec. 285.01, Stats., did not authorize an action against the state for tort, it is considered that such should continue to be the rule until the law is changed by act of the legislature.

We also hold in this case that no cause of action exists against the state on account of the wrongful acts of its officers or agents unless the state has clearly and definitely consented that it shall be so liable.

The plaintiff contends that the state has made itself liable by the provisions of sec. 101.06, Stats. That section provides :

". . . Every employer and every owner of a place of employment or a public building now or hereafter constructed shall so construct, repair or maintain such place of employment or public building . . . as to render the same safe."

Sec. 101.01 (13), Stats., provides: "The term 'owner' shall mean and include every person, firm, corporation, state, county, town, city," etc.

It is then contended that by the enactment of this statute the state has made itself liable if it maintains a public building which does not conform to the requirements of the statute.

It is considered that this contention cannot be sustained. Sec. 101.06, Stats., does not create a cause of action in favor of or against anyone. It lays down a standard of care and if those to whom it applies violate the provisions of the statute, they are guilty of negligence. A private individual, a county, town, or city becomes liable for the reason the rule of *respondeat superior* applies to them, but that rule does not apply to the state nor is there language used in the statute which indicates any intention on the part of the legislature to change the rule with respect to liability of the state for the acts of its officers and agents.

Waiving the question whether the respondent is entitled to a review of the order so far as it sustains the demurrer entered on behalf of the Board of Regents, it is considered that the trial court correctly held that in any event the Board of Regents was not liable. *Sullivan v. Board of Regents of Normal Schools* (1932), 209 Wis. 242, 244 N. W. 563.

*By the Court.*—The order overruling the demurrer of the state of Wisconsin is reversed; on the motion to review, the order sustaining the demurrer of the Board of Regents is affirmed, and the cause is remanded with directions to dismiss the plaintiff's complaint.