Morrison and another, Respondents, vs. Steinfort, Appellant.*

*November 17—December 15, 1948.*

* Motion for rehearing denied, with $25 costs, on February 15, 1949.

For the appellant the cause was submitted on the brief of *George A. Burns* and *Otjen & Otjen,* all of Milwaukee.

For the respondents there was a brief by *Wilkie, Toebaas, Hart, Kraege & Jackman* of Madison, and *Doyle & Williamson* of Delavan, and oral argument by *W. L. Jackman* and *E. A. Williamson.*

BROADFOOT, J. Only one of the questions sought to be raised is properly presented on this appeal. The order on the

motion to make more definite and certain is not an appealable order under the provisions of sec. 274.33, Stats.

In support of his demurrer to the amended complaint, the appellant claims there was no duty on the part of Steinfort under the safe-place statute to furnish Morrison with a safe place to work because the relationship of employer and employee did not exist between them. We agree that Steinfort was not Morrison's employer. However, Morrison was a frequenter, and under sec. 101.06, Stats., every employer is required to furnish a place of employment which shall be safe for frequenters thereof as well as for employees. *Neitzke v. Kraft-Phenix Dairies, Inc.,* (1934) 214 Wis. 441, 253 N. W. 579; *Sandeen v. Willow River Power Co.* (1934) 214 Wis. 166, 252 N. W. 706; *Mickelson v. Cities Service Oil Co.* (1947) 250 Wis. 1, 26 N. W. (2d) 264.

The plaintiff Employers Mutual seeks relief only through Morrison under sec. 102.29 of the statutes, so it is only the rights of Morrison which are involved in this controversy. Morrison is seeking to be compensated for the injuries he suffered as the result of the beam falling on him. But one injury is alleged, one primary right sought to be enforced, and one subject of controversy presented. The alleged violations of the safe-place statute are not set up as a separate cause of action. In *Holzworth v. State* (1941), 238 Wis. 63, 68, 298 N. W. 163, the court expressed the following rule:

"Sec. 101.06, Stats., does not create a cause of action in favor of or against anyone. It lays down a standard of care and if those to whom it applies violate the provisions of the statute, they are guilty of negligence."

We hold that the appellant's demurrer was properly overruled.

*By the Court.*—The appeal from the order denying the motion to make the complaint more definite and certain is dismissed, and the remaining order appealed from is affirmed.