Rosenthal and another, Appellants, v. Farmers Store Company, Respondent.

*March 11—April 5, 1960.*

225

For the appellants there was a brief by *Larkin & Blum* of Mondovi, and oral argument by *James A. Blum.*

For the respondent there was a brief by *Johns, Roraff, Pappas & Flaherty* of La Crosse, and oral argument by *Robert D. Johns.*

MARTIN, C. J.  The safe-place statute, sec. 101.06, does not make an employer the insurer of the safety of a frequenter. *Boutin v. Cardinal Theatre Co.* (1954), 267 Wis. 199, 64 N. W. (2d) 848. The mere fact that an accident happens does not prove that the place was unsafe. *Heckel v. Standard Gateway Theater* (1938), 229 Wis. 80, 281 N. W. 640. The burden of proving all the elements of liability under the safe-place statute is upon the plaintiff in an action seeking recovery of damages for personal injuries. *Paluch v. Baldwin Plywood & Veneer Co.* (1957), 1 Wis. (2d) 427, 85 N. W. (2d) 373. To create liability under the statute the injured party must show that a defect or hazardous condition existed, that such condition caused the injury, and that it had existed for a sufficient length of time to afford the owner or employer opportunity to discover and remedy the situation. *Boutin v. Cardinal Theatre Co., supra.*

Plaintiffs failed to prove the existence of a defect or hazardous condition which caused Mrs. Rosenthal to fall. Thoreson testified he later found a flattened out, dry, dull-looking wad of gum on the floor somewhere in the general area of Mrs. Rosenthal's fall. Mrs. Rosenthal did not know exactly where she fell or what caused her fall and there is no evidence that she actually fell at the place where Thoreson found the gum, but even assuming that to be the fact, the jury would have to speculate that a flattened, dry, wad

of gum is slippery and constitutes a hazardous condition. There is no evidence in the record upon which to base such a conclusion.

Nor is there any evidence that Mrs. Rosenthal slipped on gum. She testified she thought she slipped on a banana peel but there was no banana peel on the floor—only something which appeared to be black and shiny. Thoreson testified the only thing he saw on the floor in the general area of her fall was the gum. Assuming that the black "something" Mrs. Rosenthal saw was the gum which Thoreson later found—although there is nothing in the record to warrant the assumption—the record is barren of any evidence upon which the jury could find without speculation that this was what caused Mrs. Rosenthal's fall. She was uncertain as to just where she fell; she didn't know what the black, shiny "something" was, how big it was, where it was in relation to her position on the floor, or how far away from her it was. She could not say that the black spot had anything to do with her fall.

Plaintiffs admit in their brief that "No witness was able to state definitely from personal observation what on the aisle of the Farmers Store caused Mathilda Rosenthal to slip, fall, and break her right leg." If this is true, and the record bears out the statement, it would require speculation for the jury to find that the black spot, the gum, or anything else, caused her fall.

Finally, there is no evidence that the hazardous condition, if one existed and if it did cause the fall, existed for a sufficient length of time to charge the defendant with actual or constructive notice of its existence. Since it is not known what the black, shiny "something" was, it cannot be known how long it was there. Nor is there any evidence as to the length of time it would take for a wad of gum to become flattened and dry, particularly since it is not known what

its location was or how much it had been stepped on. It is not shown that the gum removed from the floor was the black, shiny "something."

Plaintiffs contend the trial court committed prejudicial error in several rulings on evidence—first, in sustaining the objection to a question put to Thoreson with respect to removing accumulations of gum on the floor:

"There is a problem that would warrant more attention than you give it?"

The ruling of the trial court was proper. Obviously, the question is argumentative and calls for a conclusion or opinion of the witness. The same comment applies to the following question asked of Mr. Thoreson, objection to which was sustained:

"Is the accumulation of this gum around your store a hazard, would you say?"

Thoreson testified he made an investigation on the day of Mrs. Rosenthal's accident as soon as he learned about it. He was asked:

"What were the results of that investigation made by you?"

Objection to the question was properly sustained. Counsel should have asked the witness what observations he made during the investigation, but to ask what the results were is to ask him for a conclusion.

The last objection is in connection with the examination of a medical witness. Counsel for plaintiffs, relating Mrs. Rosenthal's description of how she fell, asked the doctor whether the kind of fracture she suffered "could not occur in that manner of fall" and the doctor answered, "It wouldn't usually occur in that type of fall." Counsel then asked, "Could it occur, doctor?" and the trial court properly sus-

tained the objection made on the ground that the question called for an opinion as to possibilities.

The evidence adduced by the plaintiffs was insufficient to meet the burden of proof necessary to establish a *prima facie* cause of action. The court properly granted the motion for nonsuit.

*By the Court.*—Judgment affirmed.

BROADFOOT, J., took no part.