Ronald **PRUSINKI**, Plaintiff,

v.

Cal **HOLLAND** d/b/a Holland's Resort, Defendant.

No. 63–C–197.

United States District Court
E. D. Wisconsin.

May 6, 1964.

---

Jesse J. Habush and Robert L. Habush, Milwaukee, Wis., Peterson, Bogucki & Bickley, Chicago, Ill., for plaintiff.

John F. Zimmermann and Wake, Prosser, Zimmermann & Quale, Milwaukee, Wis., for defendant.

GRUBB, District Judge.

Plaintiff, Ronald Prusinki, seeks to recover damages for personal injuries sustained by him when he jumped off a pier into shallow water at defendant's resort. He alleges that his foot struck some "foreign object" which felt like a bottle.

Defendant has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The substantive questions of law must be tested by the law of Wisconsin, it being a diversity case and the alleged accident having occurred in Wisconsin.

Taking the portions of the record most favorable to the plaintiff, it appears that on August 14, 1962, plaintiff, while a guest at defendant's resort, jumped off the end of the resort's pier into shallow water and suffered an injury to his foot or ankle when it came into contact with some "foreign object" which he never saw. Plaintiff believes that the object was a bottle. Prior to leaping into the water, he was aware of its depth and the height of the pier above the surface of the water. Following the accident he never looked for the object nor did he request anyone else to search for it.

In support of the motion for summary judgment, defendant filed an affidavit to the following effect:

1. Plaintiff never informed him that he struck a "foreign object" on the bottom of the lake although he was a witness to the incident.

2. No one reported the presence of any "foreign object" on the bottom of the lake at or near the location of the alleged accident subsequent to its occurrence.

3. Defendant and his son checked for the presence of foreign objects on a daily basis during the summer of 1962 and removed them if found.

No counteraffidavits were submitted by the plaintiff, nor has he introduced conflicting evidence of any kind.

The original complaint in this action alleged that defendant was negligent in failing to warn plaintiff that the water was shallow at the end of the pier. Subsequently, defendant caused the taking of plaintiff's deposition wherein it became obvious that plaintiff was aware of the water depth prior to and at the

time of his ill-fated leap into the water. Plaintiff then amended his complaint alleging, in addition to a failure to warn, negligence in the form of violations of the Wisconsin Safe Place Statute, Section 101.06.

The plaintiff having knowledge of the depth of the water and the height of the pier above the water, defendant was under no duty to warn plaintiff. If it could conceivably be held that defendant was negligent in not telling plaintiff what plaintiff already knew, that negligence would not be causal because plaintiff had the knowledge himself.

Therefore, in order for the plaintiff to establish his case, he must show some violation of the Wisconsin Safe Place Statute. This in turn places the burden upon him to prove that the alleged condition in fact existed. Secondly, he must prove that the defendant had actual or constructive notice of the alleged defective condition and that he had an opportunity to remedy the situation and avoid the accident. Rosenthal v. Farmers Store Co., 10 Wis.2d 224, 102 N.W.2d 222 (1960); Longberg v. H. L. Green Co., 15 Wis.2d 505, 113 N.W.2d 129, 114 N.W.2d 435 (1962).

Plaintiff does not know what the "foreign object" was other than his belief that it was a bottle. He never saw the object himself nor asked anyone to look for it. The presence of such a bottle was apparently an afterthought to the plaintiff since he did not allege its presence in his original complaint. A jury would be forced to speculate as to whether there was in fact a bottle or any object there.

In the case of Rosenthal v. Farmers Store Co., 10 Wis.2d 224, 102 N.W.2d 222 (1960), plaintiff slipped and fell while a customer in defendant's store. She testified that she thought she slipped on a banana peel. No banana peel was ever found or observed. Plaintiff did observe a shiny looking black spot on the floor but never touched it or examined it. The evidence revealed that a spot of gum was later found in the vicinity of the fall. The Supreme Court held nonsuit was proper since plaintiff failed to prove the existence of the slippery condition or for how long it existed if it were present. See also Krause v. Veterans of Foreign Wars Post No. 6498, 9 Wis.2d 547, 101 N.W.2d 645 (1960).

Additionally, plaintiff has not produced a shred of evidence which raises a fact question as to whether or not defendant had either actual or constructive notice of the alleged hazardous condition. He admits in his deposition that he has no knowledge of how long the "object" was present in the lake. The only contention he advances in relation to the problem of proving notice is that he is entitled to a trial wherein he may test the credibility of the defendant who has denied notice in his affidavit. But plaintiff has not taken the deposition of the defendant or shown any reason why this Court might believe that such a cross-examination would weaken or destroy defendant's testimony. Where plaintiff intends to rely solely on attacking the credibility of the defendant, he must do more than merely speculate that he might be successful with such a cross-examination.

> "All the plaintiff has in this case is the hope that on cross-examination * * * the defendants * * * will contradict their respective affidavits. This is purely speculative, and to permit trial on such basis would *nullify* the purpose of Rule 56, which provides summary judgment as a means of putting an end to useless and expensive litigation and permitting expeditious disposal of cases in which there is no genuine issue as to any material fact." (Emphasis added.) Orvis v. Brickman, 95 F. Supp. 605, 607 (1951), aff'd 90 U.S. App.D.C. 266, 196 F.2d 762 (D.C.Cir. 1952).

The Court of Appeals for the Seventh Circuit reached a like conclusion in Lavine v. Shapiro, 257 F.2d 14, 19 (7th Cir. 1958). See also Dyer v. MacDougall, 201 F.2d 265 (2d Cir. 1952).

Plaintiff is unable to prove the existence of the alleged "foreign object" or

how long it was present. Nor has he shown this Court any reason to believe that an attack on defendant's credibility would be the least bit successful. Had plaintiff chosen to avail himself of the various pretrial discovery procedures provided for in the Federal Rules, he might then have been in a position to show this Court that he has more than mere speculation that the defendant will contradict himself. He has not advanced any reason for failing to seek pretrial discovery.

There being no genuine issue as to a material fact, defendant's motion for summary judgment should be and is hereby granted. The clerk is hereby directed to enter judgment accordingly.