JOHN KANE *vs.* WORCESTER CONSOLIDATED STREET RAILWAY COMPANY.

Worcester.   September 30, 1902. — October 30, 1902.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Negligence,* Contributory in driving.

A man driving a watering cart toward an approaching electric car, who with his left wheels inside of the right rail turns to the left across the track and is struck by the car, is not necessarily negligent if in doing so he makes a mistake of judgment as to which is the safer way to turn.   A choice may be mistaken and yet prudent.

TORT for personal injuries.   Writ dated October 30, 1901.

In the Superior Court *Hopkins,* J. refused to give certain instructions requested by the plaintiff and gave other instructions which are described by the court.   The jury returned a verdict for the defendant; and the plaintiff alleged exceptions, which after the death of *Hopkins,* J., were allowed by *Gaskill,* J.

*W. A. Gile & C. T. Tatman,* for the plaintiff.

*C. C. Milton, (F. H. Dewey & C. Bullock* with him,) for the defendant.

HOLMES, C. J.   This is an action for personal injuries caused by a collision between a watering cart on which the plaintiff was driving and one of the defendant's cars.   The plaintiff was driving on the right of the track and toward the car, with his left wheels inside the right rail.   When he began to turn off the track he turned to the left, across the track, and his cart was struck.   The case is here on exceptions to the instructions given and refused at the trial.   We are embarrassed in dealing with the case by the fact that we cannot doubt that the presiding judge perfectly understood the rudimentary principles of law

which he was called on to state. Indeed he stated them in the course of his charge, and it may be that if we could have heard the trial we should have been satisfied that the jury were not misled. But on the question of the plaintiff's turning to the right or the left, upon which it was not denied that he had a right to go to the jury, the jury were told in various forms that a mistake of judgment on the plaintiff's part as to which was the safer course would prevent his recovery. This was an error, unless the judge was prepared to direct a verdict for the defendant. A choice may be mistaken and yet prudent.

*Exceptions sustained.*