Siegl v. Watson, 181 Wis. 619.

SIEGL, Administrator, Respondent, vs. WATSON, Appellant.

*October 17—November 13, 1923.*

*Automobiles: Collision with bicycle rider: Impending danger doctrine: Exceptions: Unforeseen emergency: Negligence: Passing vehicles on highway: Skidding of automobile: Trial: Instruction not requested: Harmless error: New trial: Discretion of court: When costs imposed.*

1. In an action to recover damages for the death of plaintiff's decedent, who was struck by defendant's automobile while he was riding a bicycle on a country highway, error cannot be predicated on the failure of the court to instruct on the duty of the driver on a public highway prescribed by sec. 1636—49b, Stats. 1921, in the absence of a request therefor by plaintiff.

[2. Whether sec. 1636—49, Stats. 1921, requires the driver of an automobile, when seeking to pass another vehicle on a broad concrete roadway, to turn to the left of the center of such highway, is doubted but not definitely passed upon.]

3. One is not guilty of negligence as a matter of law if, when he suddenly finds himself in a place of danger and is required to act, he fails to adopt what subsequently and upon reflection appears to have been a better method to avoid impending danger, unless the emergency is brought about by his own negligence.

4. Prejudicial error cannot be predicated on the failure of the court to inform the jury that the doctrine of the emergency rule does not apply where the emergency is brought about by defendant's negligence, where, even though such rule was attempted to be given, the verdict establishes the fact that defendant was not negligent.

5. If some unforeseen emergency occurs which naturally would overpower the judgment of an ordinarily careful driver so that momentarily he is not capable of intelligent action, he may not be negligent.

6. The driver of an automobile is not negligent where, driving at a slow and careful rate of speed and discovering deceased on the highway fifty feet distant, he turned a sufficient distance to the left to allow him a safe clearance and would not have struck him had it not been for the skidding of the automobile.

7. Deceased having been acquitted of negligence, the admission in evidence of a city ordinance requiring bicycles to be equipped with lights, if error, was immaterial.

8. Where defendant could have safely passed deceased but for the spreading of deceased's poncho, prompting defendant to apply his brakes, which caused him to skid into deceased, prejudicial error cannot be predicated on the admission of a city ordinance requiring bicycles to be equipped with lights where the ordinance could have had no weight on the question of defendant's negligence.

9. The trial court being of the opinion that the verdict was in accordance with justice but that a new trial should be granted because of error in the charge to the jury, and no costs being imposed, such new trial was not granted in the discretion of the trial court.

APPEAL from an order of the circuit court for Milwaukee county: G. N. RISJORD, Judge. *Reversed.*

Action to recover damages for the wrongful death of

plaintiff's decedent.  On the evening of December 21, 1920, plaintiff's decedent was riding a bicycle in a westerly direction on what is known as the Blue Mound road in the county of Milwaukee.  It was a stormy night.  The wind was high and snow and rain filled the air.  The road, which was of concrete construction, was wet and slippery.  The defendant was driving in the same direction in an automobile and in due time overtook the deceased.  The snow and rain, according to his testimony, drifted in a sheet in front of the automobile.  He was driving slowly, at the rate of ten or twelve miles an hour.  He first dimly saw the deceased when he was about fifty feet distant from him.  Owing to the rain and snow obscuring his vision he could see the object but indistinctly at first.  He gradually overtook the deceased, turned to the left in order to pass him, proceeding at the aforesaid rate of speed.  When he was about twelve feet distant from the deceased the poncho which the latter was wearing was caught by the wind and suddenly spread out "like a flag" toward the course defendant was going, according to his testimony.  The defendant, not realizing just what had happened, became confused, and instinctively applied the brakes, causing the automobile to skid in such a manner that the rear end thereof struck the bicycle, causing injuries to the deceased, from which he died.

The complaint charged the defendant with negligence in that he did not keep a proper and sufficient lookout so as to avoid the accident and injury; that he ran his automobile at an excessive rate of speed; that in attempting to pass the deceased he did not give him half of the roadway; that he did not stop his automobile in time to avoid the accident and injury to the deceased; that he negligently and carelessly applied the brakes so as to cause the automobile to skid; that the automobile was not equipped with headlights sufficient to enable the defendant to clearly distinguish a person 200 feet ahead; that it was not operated at such a rate of speed as to enable the defendant to stop within a

distance a person could by the headlights be seen; that he failed to give deceased sufficient warning of his approach; that he failed to have adequate and sufficient brakes and to keep the same in first-class mechanical condition; and that he failed to do all things necessary in the operation of said automobile to avoid striking and injuring the deceased.

There was a trial before a jury and a special verdict returned by which it was found that the defendant did not fail to exercise ordinary care in the operation and management of his automobile at and immediately prior to the time of the accident. Upon motion of the plaintiff the court granted a new trial, for reasons that will appear in the opinion. From such order the defendant appealed.

For the appellant there were briefs by *Quarles, Spence & Quarles,* attorneys, and *Arthur Wickham,* of counsel, all of Milwaukee, and oral argument by *Mr. Wickham* and *Mr. Arthur B. Doe* of Milwaukee.

For the respondent there was a brief by *William L. Tibbs* and *George H. Daum,* attorneys, and *Daniel W. Sullivan,* of counsel, all of Milwaukee, and oral argument by *Mr. Tibbs.*

OWEN, J. It will be observed that the plaintiff charged the defendant with a violation of nearly every duty which the law lays upon the drivers of automobiles. The issues raised were thoroughly litigated at the trial, and the jury found the defendant free from negligence. The trial court correctly and sufficiently informed the jury in the charge concerning the various duties which the law imposes upon the drivers of automobiles under such circumstances, unless it be in a single respect.

The plaintiff contends that the statute required the defendant to give the deceased one half of the concrete roadway, which is estimated at from fifteen to eighteen feet in width, at the time he attempted to pass him. This contention is based upon the provisions of sec. 1636—49, Stats.,

which provides that the operator of an automobile shall observe the rules of the road by keeping to the right upon meeting vehicles, and by passing to the left of all vehicles overtaken in any public highway of this state, and at all times giving to the vehicle passed or overtaken or seeking to pass said vehicle *one half of the road*. It is plaintiff's contention that this provision requires the driver of an automobile, when seeking to pass another vehicle on a broad concrete roadway, to turn to the left of the center of such concrete roadway, and that if the defendant failed to turn to the left of the center of the concrete roadway when he attempted to pass the bicycle of the deceased he was guilty of negligence as a matter of law. Without definitely passing upon the correctness of this contention we are disposed to suggest that such a construction would impose a most extreme requirement upon the driver of an automobile, and in many cases result in absurdity and make a thoroughly impracticable and unworkable rule. Such a construction would of course require the driver of an automobile on a forty-foot concrete roadway to turn to the left of the center. It would require an automobile on a wide and busy city thoroughfare to turn to the left of the center and thereby place himself in the stream of opposite traffic. That there is no practical reason for such an extreme rule seems to us obvious. It is out of harmony with other provisions of the statute, which require the vehicle overtaken upon signal "to turn to the right of the center of the beaten track of such highway," and the other rule that a vehicle meeting another vehicle shall "turn to the right of the center of the beaten track of said highway," both of which rules will be found in sec. 1636—49b. However, it does not seem necessary for us to construe the provision of sec. 1636—49 requiring one vehicle overtaking another to give the vehicle overtaken one half of the roadway. The plaintiff, although he requested numerous instructions relating to the statutory duties of the driver of an automobile, made no request for

an instruction upon this particular point, and the failure of the court to instruct with reference thereto cannot be assigned as error in the absence of such request. *Rost v. Roberts*, 180 Wis. 207, 192 N. W. 38.

The new trial was ordered because the trial court, upon reflection, concluded that error had been committed by charging the jury as follows:

"Collisions may happen when neither party can be said to be negligent, and in such case the driver of the automobile is not responsible.    He is, furthermore, not required to anticipate that the deceased would wear a garment which would be blown across his path, as the defendant claims was the deceased's poncho.    The law, furthermore, does not require a supernatural poise or self-control on the part of an automobile driver, and if some unforeseen emergency occurs which naturally would overpower the judgment of an ordinarily careful driver so that momentarily he is not capable of intelligent action, he may not be negligent.    Whether such was the situation in this case is a matter that you must decide and answer."

It is claimed that the court attempted to state that principle of negligence known as the emergency doctrine, and that error was committed because he failed to inform the jury that the doctrine does not apply where the emergency is brought about through defendant's own negligence.    Obviously the language of the court is not subject to this criticism, for two reasons: first, he did not state what is known in the law as the emergency rule.    Under that rule, one who suddenly finds himself in a place of danger and is required to act without time to consider the best means that may be adopted to avoid the impending danger is not guilty of negligence if he fails to adopt what subsequently and upon reflection may appear to have been a better method, unless the emergency in which he finds himself is brought about by his own negligence.    Under this doctrine one so circumstanced is free from negligence as a matter of law unless

the emergency results from his own negligence. In the instant case the trial judge did not so instruct the jury. What he told the jury was that if some unforeseen emergency occurs which naturally would overpower the judgment of an ordinarily careful driver so that momentarily he is not capable of intelligent action, he *may* not be negligent. Clearly the trial court left it to the jury to say whether under the circumstances of this case the defendant was negligent. In the second place, the jury, upon all the evidence, found that the defendant was not negligent, from which it necessarily follows that the jury must have cleared the defendant from any negligence in bringing about the emergency if an emergency existed. Under the circumstances, therefore, it cannot be held that prejudicial error was committed in failing to give the exception to the emergency rule, even though such rule in its full force was attempted to be given, because the verdict of the jury establishes the fact that the defendant was not guilty of negligence in any manner or form.

The trial court expressed his satisfaction with the verdict of the jury and expressly stated that justice would be done by permitting the verdict to stand. With this we fully agree. The evidence reveals no negligence on the part of the defendant unless it be the technical negligence of failing to turn to the left of the center of the concrete road, which question we hold is not presented upon this appeal. It appears that the defendant was driving slowly and with care; that he discovered the deceased in the highway when he was fifty feet distant and that he continued his progress at a slow and careful rate of speed, and that whether he turned to the left of the center of the highway or not (a question which the jury might have resolved either way upon the evidence), he turned a sufficient distance to the left to allow the deceased a safe and sufficient clearance had it not been for the skidding of his automobile, upon which incident in and of

itself negligence is not necessarily to be predicated. *Linden v. Miller,* 172 Wis. 20, 177 N. W. 909; *Sullivan v. Lutz, ante,* p. 61, 194 N. W. 25.

Although the accident took place outside the city of Milwaukee, the court received in evidence an ordinance of the city of Milwaukee requiring bicycles to be equipped with lights. Not only the reception of this ordinance, but the instruction of the court to the jury concerning the consideration which they might accord the same, is urged as sufficient error to justify a new trial. In this connection the court instructed the jury as follows:

"A copy of an ordinance of the city of Milwaukee was received in evidence providing for lights upon bicycles used in the city. There has been some evidence in this case as to whether or not there was a light upon the bicycle the deceased was using at the time. As you understand now, from what I said when this evidence was admitted, and you are again instructed that the fact, if it was a fact, that deceased had no lights upon his bicycle at the time, must not be considered in itself as negligence, that is, he was not under the law, for that reason alone, guilty of negligence if he did not have a light, because the law did not require that he should have a light upon his bicycle at the time and place where the injury occurred. It was outside the city limits of the city of Milwaukee, which, of course, the ordinance did not reach, and no state law requires it, and there is no evidence that any town ordinance required lights upon bicycles at that place. The evidence was received as it may bear upon the general question of the exercise of ordinary care or want of ordinary care on the part of the defendant and on the part of the deceased. As to whether or not, under all the circumstances, in the exercise of ordinary care, the deceased should have had a light upon his bicycle at the time, if he had none, it being required in the city of Milwaukee, of course you understand that while the deceased was not required to have a light upon his bicycle it would not have been unlawful for him to have one, and, therefore, the question whether or not he had a light upon his bicycle at the time would go to the question of ordinary care, and, also, that testimony would have some bearing upon the conduct

of the defendant in the management and operation of his machine. He, of course, had no right to expect and rely upon there being a light upon his bicycle, because of any law requiring it."

In the first place, the jury acquitted the deceased of negligence, so that so far as the ordinance had any bearing upon the negligence of the deceased is concerned, its reception, if error, was immaterial. Neither can we see how its presence in the case had any weight with the jury in considering the negligence of the defendant, in view of the fact that the defendant did see the deceased when he was fifty feet distant from him and was preparing to pass him in a careful and cautious manner, and would no doubt have done so had it not been for the spreading of the poncho, prompting the defendant to apply his brakes, which caused the automobile to skid. The admission of the ordinance was of very doubtful propriety, to say the least, and its legitimate bearing upon the issues of the case was very remote and hazy. We would have been better satisfied had it been excluded. But we cannot say that its admission amounted to prejudicial error.

It is next contended that the new trial was granted in the discretion of the trial court, and that the order should not be disturbed in the absence of an abuse of such discretion. To this there are two answers: in the first place, the trial court makes it plain by his decision that in his opinion the verdict of the jury was in accordance with the justice of the case, and that the new trial was granted only because he was convinced that error had occurred in the charge of the court to the jury. In the second place, he does not impose costs, which he should have done if the new trial were granted in the exercise of the court's discretion. *Smith v. Taylor-Button Co.* 179 Wis. 232, 190 N. W. 999.

It is further urged that the verdict was perverse, as indicated by the meager damages assessed. In view of the fact that the finding of the jury with reference to the negli-

gence of the defendant is so thoroughly supported by the evidence, there is no room to believe that the verdict of the jury upon the question of defendant's negligence was perverse.    A thorough consideration of the record leaves a strong impression that the verdict of the jury is in accordance with justice, and that it should not have been disturbed except for weighty reasons.    Such also appears to have been the opinion of the trial judge, but he erroneously came to the conclusion that substantial error occurred in the charge, for which reason he set aside the verdict and granted a new trial.

. *By the Court.*—Order reversed, and cause remanded with directions to enter judgment upon the verdict of the jury.