TANBERG, Appellant, v. RYDBERG, Respondent.

*November 23, 1964—January 5, 1965.*

For the appellant there was a brief and oral argument by *Frank E. Betz* and *William A. Adler,* both of Eau Claire.

For the respondent there was a brief by *Gannon & Gannon* of Rice Lake, and *Doar & Knowles* of New Richmond, and oral argument by *James A. Drill* of New Richmond.

GORDON, J. "Standards of prudent conduct," said Mr. Justice CARDOZO, "are declared at times by courts, but they are taken over from the facts of life." *Pokora v. Wabash R. Co.* (1934), 292 U. S. 98, 104, 54 Sup. Ct. 580, 78 L. Ed. 1149. Thus, when a jury determines that given conduct either does or does not meet a "standard of prudence," its finding is obviously entitled to significant weight.

In the instant case, the evidence must be viewed in a light most favorable to the plaintiff, since the verdict was directed against the latter. *Baumgarten v. Jones* (1963), 21 Wis. (2d) 467, 471, 124 N. W. (2d) 609. In *Gilson v. Drees Brothers* (1963), 19 Wis. (2d) 252, 254, 255, 120 N. W. (2d) 63, we said:

"The test for determining whether a verdict should be directed is whether 'the evidence is so clear and convincing as reasonably to permit unbiased and impartial minds to come to but one conclusion.' . . .

"Another rule which has pervaded our study of this appeal is the familiar one which requires a court in weighing a defendant's motion for a directed verdict to regard evidence in a light most favorable to the plaintiff."

The jury's verdict was in favor of the plaintiff Tanberg, but the trial court granted the defendant Rydberg's motion for a directed verdict. The trial court's ruling must be sustained if the evidence supports either of the following propositions: (1) That the plaintiff Tanberg was contributorily negligent (under the Indiana rule) as a matter of law, or (2) that the defendant Rydberg was not negligent as a matter of law.

## The Plaintiff's Negligence.

The tort took place in Indiana, and the parties, as well as the trial court, agreed that the law of Indiana is to be applied in determining whether the plaintiff is precluded from recovery if he is contributorily negligent. Restatement, Conflict of Laws, p. 270, sec. 385. Under Indiana law, contributory negligence in any amount is a complete defense in a negligence action. *Keck v. Pozorski* (Ind. App. 1963), 191 N. E. (2d) 325.

What conduct of the plaintiff Tanberg could be held to constitute negligence as a matter of law? The trial court noted that Tanberg knew that Rydberg was preparing to drive the truck from the gas pump to the scales and concluded that Tanberg was therefore negligent in putting himself in a dangerous position. However, Tanberg testified that a short time before going under the truck he had informed the driver of his intentions. While there was evidence by Rydberg that he did not hear any such statement, the jury was entitled to believe that the statement was in fact made as Tanberg claimed. It follows that this cannot support a

judicial determination that Tanberg was negligent as a matter of law.

The trial court also considered that there was some negligence on the part of the plaintiff as a matter of law in his crawling under the truck rather than inspecting the refrigeration unit by opening the doors located alongside the unit. While that may have been a wiser course to have pursued, it does not necessarily follow that he was negligent in so inspecting the unit. He was not familiar with this particular brand of refrigerating device. The presence of a simpler or better route does not automatically make negligent the use of a different approach.

In our opinion, there was conflicting testimony concerning Tanberg's conduct; these conflicts must be resolved in his favor. An impartial mind could have reasonably concluded that Tanberg was not negligent.

## The Defendant's Negligence.

The trial court stated that it was "very difficult to see that defendant was negligent at all." If the trial court had been the trier of fact, this position would be entirely tenable; however, the jury was the trier of fact.

Can it be said that Rydberg was not negligent as a matter of law? If the jury believed that Rydberg had been informed by the plaintiff of the latter's intention to check the refrigeration unit, the jury may properly have deemed it an act of negligence on the part of Rydberg to have moved the truck without first ascertaining the whereabouts of his assistant. Rydberg was not relieved of the potentiality of negligence because while in the driver's seat he was unable to observe a person under the truck.

The trial court also observed that before Rydberg started the truck, plaintiff was standing only a very short distance from the door of the truck. However, Tanberg testified

that three or four minutes elapsed between the time he left the presence of the defendant and the time he moved under the trailer; this testimony is not inherently incredible, and, if the jury believed it, it would follow that Rydberg moved the truck without checking as to the current whereabouts of his assistant.

In our opinion, the evidence, considered in a vein most favorable to the plaintiff, would have permitted the jury to conclude that Rydberg was negligent in moving the truck without observing or accounting for the location of his assistant.

*By the Court.*—Judgment reversed, with directions to reinstate the verdict of the jury.