KOCZKA, Respondent, v. HARDWARE DEALERS MUTUAL FIRE INSURANCE COMPANY, Appellant.

*December 1, 1965—January 4, 1966.*

For the appellant there was a brief and oral argument by *Ronald L. Piette* of Milwaukee.

For the respondent there was a brief by *Gratz & Shneidman* and *Donald C. Paveleck,* all of Milwaukee, and oral argument by *Mr. Paveleck.*

GORDON, J. We have concluded that the learned trial court erred when it granted a directed verdict in favor of the plaintiff.

The evidence must be considered in a light most favorable to the party against whom the verdict was directed. Our review of the evidence convinces us that the evidence was not so clear and convincing as to have permitted impartial minds to have come to but one conclusion. The foregoing are the recognized standards to be used in determining whether a directed verdict should be granted. *Tanberg v. Rydberg* (1965), 26 Wis. (2d) 91, 94, 95, 131 N. W. (2d) 858; *Anderson v. Joint School Dist.* (1964), 24 Wis. (2d) 580, 583, 584, 129 N. W. (2d) 545, 130 N. W. (2d) 105; *Schlueter v. Grady* (1963), 20 Wis. (2d) 546, 552, 553, 123 N. W. (2d) 458; *Gilson v. Drees Brothers* (1963), 19 Wis. (2d) 252, 254, 255, 120 N. W. (2d) 63.

In scrutinizing the record, we find that there was evidence offered by the plaintiff which, if believed by the jury, would warrant a determination in favor of the plaintiff; however, this record also contains a sufficient challenge to the plaintiff's case so as to have foreclosed the court's directing a verdict in favor of the plaintiff. The testimony of the defendant's medical witness, when construed in a light favorable to the defendant, adequately raised a factual issue for the jury. Dr. Ansfield testified that six to 10 was the usual effective number of treatments and that in excess of 20 treatments would not be necessary except under extraordinary circumstances.

It is true that Dr. Ansfield declined to condemn in express terms the number of treatments given to Mr. Koczka by Dr. Salinsky. Nevertheless, the fair import of Dr. Ansfield's testimony was to put in issue, as a factual matter, the necessity for all the medical expenses in the instant case. *Heuer v. Heuer* (1959), 7 Wis. (2d) 208, 213, 96 N. W. (2d) 485; *Wadoz v. United National Indemnity Co.* (1957), 274 Wis. 383, 391, 80 N. W. (2d) 262.

Dr. Salinsky was unwilling to classify Mr. Koczka's case as more or less serious than the average, but he explained the necessity for having given 45 infrared treatments by pointing out that his patient did sign-painting work which required his head to be held in a rigid position, thus aggravating the injury. While Dr. Ansfield acknowledged that this could have aggravated the pain, he stated that it would not call for further heat treatment.

There is another basis for our conclusion that there was a factual dispute which should not have been resolved by a directed verdict. Dr. Salinsky acknowledged that his treatments were continued over a period of four months because his patient subjectively claimed that he had continuing discomfort. It follows, therefore, that whether the treatments were necessary depends in large measure upon the good faith of Mr. Koczka. In light of Dr. Ansfield's testimony, it would have been within the province of the jury to have considered Mr. Koczka's credibility. If the jurors believed that Mr. Koczka were malingering and that Dr. Salinsky's treatments were rendered in part as a result of such bad faith on the part of the patient, it would necessarily follow that all of the treatments were not "necessary" under the terms of this insurance policy.

The trial court having directed a verdict without submitting the issue to the jury, there will have to be a new trial. A new trial may have been averted had the trial court adopted the recommendation which this court has made in a number of cases. In *Rasmussen v. Garthus* (1961), 12 Wis. (2d) 203, 209, 107 N. W. (2d) 264, we stated:

". . . trial courts would do well to reserve decisions on motions for a directed verdict, at least in many instances, until after the issues have been submitted to the jury. Often the jury, by its findings, will effectually resolve the motion and in other instances it may save a new trial."

We more recently repeated this suggestion in *Schiller v. Keuffel & Esser Co.* (1963), 21 Wis. (2d) 545, 554, 124 N. W. (2d) 646, where we quoted the following from *Davis v. Skille* (1961), 12 Wis. (2d) 482, 490, 107 N. W. (2d) 458:

" 'It is to be regretted that the circuit court did not reserve its ruling on the motion for directed verdict until after the jury had returned its special verdict. By so doing, even though the court after the return of the verdict did see fit to have granted the motion, there would now be no necessity of granting a new trial. We do not advocate that such procedure invariably be followed, but in close cases we deem it to be preferable.' "

*By the Court.*—Judgment reversed, and cause remanded with directions.