## STATE FARM MUTUAL INSURANCE COMPANY
### *v.* Willie Lee HILL

CA 93-918                                            883 S.W.2d 867

Court of Appeals of Arkansas
Division I
Opinion delivered October 5, 1994

*Huckabay, Munson, Rowlett & Tilley, P.A.*, by: *Jeffrey A. Weber* and *Beverly A. Rowlett*, for appellant.

*Gary Eubanks & Associates*, by: *William Gary Holt* and *James Gerard Schulze*, for appellee.

JOHN E. JENNINGS, Chief Judge. On September 9, 1989, Willie Hill was injured in an automobile accident when her vehicle was struck from behind. Her injury was apparently a neck strain or sprain. She saw Dr. Michael Courtney, a Pine Bluff chiropractor, and incurred bills totalling just over $5,000.00. When she made a claim against her automobile insurance carrier, State Farm, it paid her only $1,400.00 and Mrs. Hill sued for the difference.

The sole issue at trial was the amount owed. The maximum payable under the policy was $5,000.00.

At trial, Dr. Courtney testified in some detail about his care of the plaintiff. He saw her on 117 occasions during the year that he treated her. He released her on September 21, 1990, as having "reached her maximum healing period." In defense, appellant called Dr. Melvin Rose, also a chiropractic physician. Dr. Rose testified that, in his opinion, reasonable care for Mrs. Hill's problems would include no more than twenty-eight visits for treatment. The policy of insurance issued to Mrs. Hill obligates State Farm to pay reasonable and necessary medical expenses.

During the course of Dr. Rose's testimony the trial court, on its own motion, granted Mrs. Hill a directed verdict. In so doing, the court stated that it was "relying on a recent decision by the Arkansas Supreme Court that seems to suggest if the injury for which the plaintiff seeks treatment is related to the accident then it is not necessary that the plaintiff prove that they [medical expenses] were reasonable and necessary."

The decision that the trial court relied on is *Ponder* v. *Cartmell*, 301 Ark. 409, 784 S.W.2d 758 (1990). *Ponder* was a suit in tort. One issue raised by the defendant was whether the treating physician had misdiagnosed the plaintiff's injury and performed unnecessary surgery. The supreme court, in a four-three decision, determined that the admission of this evidence was error. The court said, "[S]o long as an individual has used reasonable care in selecting a physician, she is entitled to recover from the wrongdoer to the full extent of her injury, even though the physician fails to use the remedy or method most approved in similar cases or adopt the best means of cure." In support, the court relied on § 457 of the *Restatement (Second) of Torts*. The court also said:

> It is true that a plaintiff who seeks to recover medical expenses must prove the expenses are reasonable and necessary. "Necessary" means causally related to the tortfeasor's negligence. If a plaintiff proves that her need to seek medical care was precipitated by the tortfeasor's negligence, then the expenses for the care she receives, whether or not the care is medically necessary, are recoverable. [Citations omitted.]

Appellant argues that the rule enunciated in *Ponder* is a tort principle, inapplicable in a contract case. We agree. The reason for the distinction is explained in a decision by Mr. Justice Holmes in *Globe Refining Co.* v. *Landa Cotton Oil Co.*, 190 U.S. 540 (1903), which appellant cites:

> When a man commits a tort he incurs by force of the law a liability to damages, measured by certain rules. When a man makes a contract he incurs by force of the law a liability to damages, unless a certain promised event comes to pass. But unlike the case of torts, as the contract is by mutual consent, the parties themselves, expressly or by implication, fix the rule by which the damages are to be measured.

We conclude that *Ponder* is inapplicable to a suit based on breach of contract. *See also Koczka* v. *Hardware Dealers Mutual Fire Ins. Co.*, 29 Wis.2d 395, 138 N.W.2d 737 (1966).

Reversed and Remanded.

PITTMAN and MAYFIELD, JJ., agree.