# COURT OF APPEALS
## DECISION
## DATED AND FILED

### November 29, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP631**

Cir. Ct. No. 2019CV1574

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

---

CYNTHIA RUSH,

PLAINTIFF-APPELLANT,

SECRETARY OF THE US DEPARTMENT OF HEALTH AND HUMAN SERVICES,

INVOLUNTARY-PLAINTIFF,

V.

TWIN CITY FIRE INSURANCE COMPANY, BATTERIES PLUS, LLC AND FRED W. STORM, LLC,

DEFENDANTS-RESPONDENTS.

---

APPEAL from an order of the circuit court for Milwaukee County: KEVIN E. MARTENS, Judge. *Affirmed*.

Before Brash, C.J., Dugan and White, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.  Cynthia Rush appeals the order granting summary judgment in favor of Twin City Fire Insurance Company, Batteries Plus, LLC, and Fred W. Storm, LLC dismissing her complaint alleging negligence and a violation of the safe place statute claims arising out of a slip and fall accident on a sidewalk curb.  She argues that she presented sufficient evidence to allow a reasonable jury to draw a logical inference that the condition of the sidewalk caused her to fall. Upon review, we conclude that there is no reasonable basis for a fact finder to conclude without resorting to speculation that the condition of the curb was a substantial factor in causing Rush's fall.  Accordingly, we affirm.

## BACKGROUND

¶2     In February 2019, Rush filed a complaint against Twin City Fire Insurance Company, Batteries Plus, LLC, and Fred W. Storm, LLC[1] alleging claims of negligence and a violation of the safe place statute.  Rush alleged that on October 31, 2017, she went to a Batteries Plus Bulbs store in Milwaukee and "fell in a dangerously and negligently maintained area."  Rush alleged that she suffered permanent and serious injuries as a result of the fall.

---

[1] Based on the undisputed allegations in the complaint, Batteries Plus, LLC's insurance policy was issued by Twin City Fire Insurance Company.  Throughout the proceedings, the two entities were represented by the same counsel.  We refer to these defendants collectively as Batteries Plus.  Fred W. Storm, LLC (Storm) was alleged to be the owner of the property where the store was located and where the accident occurred.  Storm was represented by separate counsel.

¶3     During discovery, Rush was deposed and she submitted photographs of the front of the store, the sidewalk, and the parking lot where she fell. In October 2020, Batteries Plus filed a motion for summary judgment, arguing that Rush failed to offer prima facie evidence of negligence.[2] The circuit court conducted a hearing on the motion in February 2021. Batteries Plus argued that there was no evidence of what caused Rush's fall and that the sidewalk was not proven to be in bad condition. Rush argued that the jury should be the one to choose between competing inferences—either Rush fell because she misstepped, or Rush fell because of the condition of the sidewalk.

¶4     The circuit court read several sections of Rush's deposition into the record:

> It's not in dispute that on October 31, 2017, Ms. Rush entered Batteries Plus, the store, to purchase a battery. She described the conditions in her deposition as a beautiful Fall day but cold and windy.
>
> As Ms. Rush left the store and walked back to her car parked in the parking lot, she stepped off the curb and then fell. Ms. Rush in her deposition testified …
>
> "I remember walking to the car, and I stepped off the curb, and then there was no ground there, and I started to fall. I remember starting to fall and thinking, oh, my gosh, what happened? And I tried to reach for the car, you know, to like stop myself and everything. Like, you know, you get dizzy when you start to fall. You know, how you"—then she gave an indication I presume with her hands—"and I don't know how I ended up here," again giving another indication. "And the next thing I know I was face—I was face down in the parking lot."

---

[2] Storm did not formally join Batteries Plus's motion for summary judgment. However, its counsel noted to the court that its interests were aligned. The circuit court concluded that Storm was joining the motion for summary judgment because it did not file separate briefs, a point to which Storm did not object. The case against Storm was also dismissed when the court granted summary judgment.

….

Later in her deposition … Rush testified and answered questions as follows:

"Question: Okay, I'm asking you and looking at these pictures if you see anything that's wrong with the parking lot, anything that refreshes your recollection that when you put your foot down that would explain why you didn't feel there was anything there?

The answer: I don't know. I mean, I don't know. Is there a—was there—did it crumble as I stepped on it? I don't know.

Question: I mean do you see anything that's crumbled that—

Answer: Well, this sidewalk is all crumbly," and then she gave an indication.

….

"Question: … You said that right before you fell, that you stepped off and there was nothing there?

Answer: There was like—yeah, it's like there was nothing solid, like my foot didn't hit the pavement.

….

Question: Do you remember your foot touching anything as it came down?

Answer: No, I don't know. I don't recall.

Question: Do you remember if your foot slipped when you tried to put it down?

Answer: I don't know."

Finally "Question: Okay, was there something that you stepped on that was loose or something like that that caused you to lose your footing when your foot came down?

Answer: Oh, I don't know."

¶5      The court noted that Rush testified that she did not "have a lot of recollection of what happened because [she] hit [her] head so hard."  Further, it noted that "[a]pparently there had been no witnesses identified who observed the fall as well."  Finally, the court noted several facts "not in controversy," stating that "Batteries Plus did take possession of the property [in] 1995.  Between 1995 and October 31, 2017, there were no changes, alterations, modifications, replacement or other construction work to the concrete sidewalk that runs along the store front."  Further, the court recounted that in the store manager's deposition testimony, "he noticed the worn-off patch," and "he never thought the sidewalk might be a problem for Batteries Plus customers, that no customer ever reported chipping, crumbling, or the wearing of the sidewalk to him as an issue or problem."[3]

¶6      The court concluded:

> [S]peculation and conjecture apply to a choice between liability and non-liability when there is no reasonable basis in the evidence upon which a choice of liability can be made.  A mere possibility of such causation is not enough when the matter remains one of pure speculation or conjecture.  When the possibilities are at best evenly balanced, it becomes the duty of the [c]ourt to direct verdict for the defendant.
>
> In this case again from the deposition testimony that Ms. Rush gave, I don't believe that there's a reasonable basis for a fact-finder to be able to conclude that the condition of the sidewalk or the curb that—I'll use the word eroding, the eroding curb or sidewalk caused or was the substantial factor in causing injury.

---

[3] The circuit court reviewed photographic evidence of the condition of the parking lot, sidewalk and curb.  It noted, "we can use adjectives … crumbling, wearing, eroding … but at least some portion of the sidewalk where the edge is not sort of a more sharp 90-degree angle … you could reasonably infer was when the concrete was first laid down many years ago."

> Ms. Rush testified that she put her foot down off the curb, and it was that foot, the foot that stepped off the curb that was the problem when she fell. She testified that she believed she fell because something happened to that foot when she put it off the curb. And that when she put that foot off the curb, there was no ground there.
>
> Understandably given her injuries, she testified that she could not recall a lot of what happened because again she hit her head so hard. And unfortunately again with that injury and lack of other witnesses, there's at least some absence of what would be more determinative evidence perhaps that would assist the plaintiff's case.
>
> She again testified that she did not remember her foot touching anything when she stepped down and doesn't remember slipping. She didn't recall whether she stepped on anything that felt loose when she stepped down. From the record and her testimony, there is no evidence that the eroded part of the curb had any effect on her fall. In fact, the only evidence suggest[ed] that she fell after she put her foot down … towards the blacktop.

¶7 The court concluded that "it doesn't appear from these facts that a jury could make any reasonable inferences that with all the absence of facts regarding the curb itself, that that eroded part of the curb somehow caused her fall." The court concluded that because it did not believe that the plaintiff could meet the burden to establish causation with regard to harm, the court granted judgment in favor of Batteries Plus and Storm and dismissed Rush's complaint.

¶8 Rush appeals.

## DISCUSSION

¶9 Rush argues that she has presented sufficient evidence to allow a reasonable jury to draw a logical inference that the condition of the sidewalk caused her to fall and sustain serious injuries. Therefore, she argues that the circuit court erred when it granted summary judgment in favor of Batteries Plus and Storm. We disagree that the evidence presented would allow the jury to do

more than speculate about the cause of Rush's fall and injuries. Therefore, we affirm.

¶10     We independently review the circuit court's grant of summary judgment. *Zielinski v. A.P. Green Indus., Inc.*, 2003 WI App 85, ¶5, 263 Wis. 2d 294, 661 N.W.2d 491. Summary judgment is appropriate when "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." WIS. STAT. § 802.08(2) (2019-20).[4] A non-moving party may not rest upon mere allegations of its pleading; it must put forth evidence supporting those allegations. Sec. 802.08(3). Summary judgment materials and inferences from the underlying facts "are viewed in the light most favorable to the nonmoving party." *AccuWeb, Inc. v. Foley & Lardner*, 2008 WI 24, ¶16, 308 Wis. 2d 258, 746 N.W.2d 447; *Lambrecht v. Estate of Kaczmarczyk*, 2001 WI 25, ¶23, 241 Wis. 2d 804, 623 N.W.2d 751.

¶11     Rush brought claims of negligence and a violation of the safe place statute, WIS. STAT. § 101.11. Where ordinary negligence considers acts, the safe place statute applies to unsafe conditions. *See Megal v. Green Bay Area Visitor & Convention Bureau, Inc.*, 2004 WI 98, ¶9, 274 Wis. 2d 162, 682 N.W.2d 857. There are four elements to a claim of negligence, "(1) a duty of due care on the part of the defendant; (2) a breach of that duty; (3) a causal connection between the defendant's conduct and the plaintiff's injury; and (4) an actual loss or damage as a result of injury." *Lambrecht*, 241 Wis. 2d 804, ¶28.

---

[4] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

¶12    The safe place statute is a negligence statute—it "does not create a new cause of action, but it does establish an increased standard of care[.]" *Gould v. Allstar Ins. Co.*, 59 Wis. 2d 355, 361, 208 N.W.2d 388 (1973). "Under [the safe place] statute, 'owners of a place of employment or a public building have the duty to repair or maintain the premises in as safe a condition as the nature of the premises reasonably permits.'" *Hofflander v. St. Catherine's Hosp., Inc.*, 2003 WI 77, ¶87, 262 Wis. 2d 539, 664 N.W.2d 545 (citation omitted). There are three elements to a claim under the safe place statute: (1) an unsafe condition associated with a premises; (2) the unsafe condition caused the plaintiff's injury; and (3) the owner of the premises had "either actual or constructive notice of the unsafe condition" before the plaintiff's injury. *Correa v. Woodman's Food Mkt.*, 2020 WI 43, ¶12, 391 Wis. 2d 651, 943 N.W.2d 535 (citation omitted).

¶13    Rush's claims fail on the issue of causation—an element existing in both claims for negligence and a violation of the safe place statute. *See Hofflander*, 262 Wis. 2d 539, ¶96 ("The safe place statute merely affects the level of one's duty of care; it does not alter the analysis of causation."). "To establish causation in Wisconsin, the plaintiff bears the burden of proving that the defendant's negligence was a substantial factor in causing the plaintiff's harm." *Ehlinger v. Sipes*, 155 Wis. 2d 1, 12, 454 N.W.2d 754 (1990). "The phrase 'substantial factor' denotes that the defendant's conduct has such an effect in producing the harm as to lead the trier of fact, as a reasonable person, to regard it as a cause, using that word in the popular sense." *Zielinski*, 263 Wis. 2d 294, ¶16 (citation omitted). "[If] there is no credible evidence upon which the trier of fact can base a reasoned choice between ... two possible inferences, any finding of causation would be in the realm of speculation and conjecture." *Id.* (citation omitted; brackets and ellipses in *Zielinski).*

¶14    Batteries Plus argues that Rush has failed to present evidentiary facts that would allow a reasonable inference that it was Batteries Plus or Storm's negligence in maintaining the curb that caused her fall.  "Before the case may reach the jury, the plaintiff must present a quantum of evidence sufficient to render the eventual answer non-speculative." *Correa*, 391 Wis. 2d 651, ¶16.  The circuit court soundly analyzed the situation:

> [Rush] had no facts to offer and offered no testimony that that foot was necessarily situated on the eroded part of the sidewalk, that it slipped, that it misstepped, that it caused her next step to be impacted in any way."

¶15    Rush argues that her testimony and the photographic evidence established where she fell and that the deposition of the store manager showed that Batteries Plus was aware (had constructive or actual notice) that the sidewalk curb in the parking lot was in an eroding condition.[5]  She argues that a reasonable jury could infer based on Rush's testimony and photographic evidence of the curb that lack of sidewalk maintenance caused her fall.  She admits the jury could also infer that she slipped and it was not caused by the sidewalk conditions; nevertheless, she argues that such fact finding is the province of the jury.

¶16    However, Rush's claims fail because she has not presented facts that remove the issue of causation from speculation.  The plaintiff "must come forward with evidentiary facts that establish the ultimate facts; and the degree of proof must be such as to remove these ultimate facts from the field of mere speculation and conjecture." *Zillmer v. Miglautsch*, 35 Wis. 2d 691, 700, 151 N.W.2d 741 (1967).  While a judge and jury "may, of course, draw logical inferences from the

---

[5] Photographic evidence of the condition of the parking lot, sidewalk and curb was submitted to this court on appeal.  We form no opinion about the condition of the curb.

evidence, connecting its dots into a coherent pattern," *Correa*, 391 Wis. 2d 651, ¶21 (citation omitted), "[a] jury cannot be allowed to merely theorize negligence from what might be a mere possibility," *Zillmer*, 35 Wis. 2d at 700.

¶17    Here, the evidence in Rush's deposition does not support a reasonable inference that the condition of the sidewalk had any effect on her fall. As the circuit court recounted:

> She again testified that she did not remember her foot touching anything when she stepped down and doesn't remember slipping. She didn't recall whether she stepped on anything that felt loose when she stepped down. From the record and her testimony, there is no evidence that the eroded part of the curb had any effect on her fall. In fact, the only evidence suggest[ed] that she fell after she put her foot down on the black—towards the blacktop.
>
> ….
>
> [I]t doesn't appear from these facts that a jury could make any reasonable inferences that with all the absence of facts regarding the curb itself, that that eroded part of the curb somehow caused her fall.

If faced with the facts presented here, a jury's inferences would be necessarily speculative to connect her fall to the eroded sidewalk. She does not testify that she slipped off the curb. She has not met her burden to provide facts that move the ultimate fact of the accident causation "from the field of mere speculation and conjecture." *Zillmer*, 35 Wis. 2d at 700.

¶18    "[I]t is the rare personal injury case which can be disposed of by summary judgment[.]" *Lambrecht*, 241 Wis. 2d 804, ¶2 (citation omitted). Summary judgment for negligence-based claims is unusual because "[a]s a general rule ... the existence of negligence is a question of fact which is to be decided by the jury." *Ceplina v. South Milwaukee Sch. Bd.*, 73 Wis. 2d 338, 342-43, 243

N.W.2d 183 (1976). For the circuit court or the reviewing court to decide that a party "is not negligent as a matter of law, the court must be able to say that no properly instructed, reasonable jury could find, based upon the facts presented, that the defendants failed to exercise ordinary care." *Id.* at 342. Here, we have such a case. Based on the evidentiary facts offered to the court, no reasonable jury could conclude that Batteries Plus and Storm caused injury to Rush without resorting to speculation. Therefore, Rush's negligence claim fails and Batteries Plus and Storm have no liability for Rush's injury.

## CONCLUSION

¶19 We conclude that there is no reasonable basis from the facts presented and reasonable inferences drawn from those facts for a fact finder to conclude that the condition of the curb was a substantial factor in causing Rush's fall. We conclude that there were no genuine issues of material fact and that Batteries Plus and Storm were entitled to summary judgment as a matter of law. Accordingly, we affirm the circuit court order and dismissal of Rush's claims.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

11